BASKIN, Judge.
Theresa Semko appeals an order on Motion to Clarify Final Judgment entered in post-dissolution of marriage proceedings. The amended final judgment included a provision ordering the distribution of “the stock securities owned by the parties, jointly, severally or in trust”; it did not refer to the wife’s retirement plan. Neither party appealed the amended final judgment. Upon the wife’s motion for clarification, the court entered an order stating that the stock distribution provisions in the amended final judgment included all stocks of the “Bell System Plan For Salaried Employees.” Appellant contends that the order, characterized as a clarification, is actually an impermissible modification of property rights. We agree.
A trial judge may clarify what is implicit in the final judgment. Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986). In the case before us, the final judgment ordering distribution of the parties’ property made no mention of the wife’s retirement plan. Thus, the subsequent order requiring distribution of appellant’s retirement plan constitutes a redetermination of the parties’ property rights and improperly modifies a vested right. See Harrell v. Harrell, 515 So.2d 1302 (Fla. 3d DCA 1987); Miller v. Miller, 455 So.2d 436 (Fla. 2d DCA 1984), review denied, 462 So.2d 1107 (Fla.1985); Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981); Schneider v. Schneider, 296 So.2d 77 (Fla. 3d DCA 1974); Minis v. Ellison, 233 So.2d 156 (Fla. 3d DCA 1970). See also Franks v. Franks, 469 So.2d 934 (Fla. 3d DCA 1985); Poling v. Tresidder, 373 So.2d 405 (Fla. 4th DCA 1979) (court may not modify provision of property rights adjudicated in final judgment by petition entitled motion for enforcement but which is actually an effort to seek determination of property interest). Cf. Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976) (order requiring transfer of stocks was enforcement of final judgment, not modification). The court did not retain jurisdiction and the record does not disclose the presence of circumstances which would allow proceedings under Florida Rule of Civil Procedure 1.540. See Kitchens v. Kitchens, 519 So.2d 1142 (Fla. 2d DCA 1988); Harrell. In the absence of appropriate circumstances justifying modification, the court may not engage in such considerations.
REVERSED AND REMANDED.