PER CURIAM.
In numerous proceedings post final judgment these parties have been before the court to enforce their separation agreement incorporated in the final judgment, with particular reference to the transfer of property. Several paintings, which the husband was to deliver to the wife, had been the subject of post judgment proceedings without a final resolution of the matter.
On September 23, 1991, the wife filed a motion for contempt regarding other specific matters remaining in issue between the parties. At the hearing thereon, the husband sought to further consider the paintings, but counsel for the wife objected on the grounds that he was not prepared to try that issue because it had not been noticed for that hearing. The trial court, nevertheless, in an attempt to resolve all the issues between the parties, noticed and non-noticed, entered the appealed order in which he held:
All claims relative to delivery of art work entitled “Big Red” and “Winter” are denied, as the Court feels these matters have been ongoing too long and on the basis of laches declines to become involved.
The wife appeals from this ruling.
The wife contends it was error for the court to consider that issue because she was not notified it would be considered and was thus unprepared to try it. Further, no evidence was adduced relative thereto, nor was an affirmative defense pled, yet the court ruled the wife was guilty of laches and ruled adversely to the wife.
We conclude reversible error was committed and reverse the order appealed from and remand said matter to the trial court for further appropriate proceedings.
GLICKSTEIN, C.J., and DOWNEY and FARMER, JJ., concur.