746 So.2d 1253 (1999)
Barbara E. DICKINSON, Appellant,
v.
John C. DICKINSON, Appellee.
No. 99-524.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
*1254 David W. Glasser of Glasser and Handel, Daytona Beach, for Appellant.
No appearance for Appellee.
PETERSON, J.
Barbara E. Dickinson, the former wife, appeals a final order dismissing with prejudice her motion to amend the parties' final judgment of dissolution of marriage which incorporated their marital settlement agreement. Paragraph 13 of the marital settlement agreement provided that an order "shall be entered directing that the proceeds of [the former husband's] pension plan shall be evenly distributed to the parties at the time it is distributed." The court specifically retained jurisdiction over the matter and the parties for the purpose of enforcing the provisions of the final judgment.
Four and one-half years later, the former wife filed a motion to "amend" the final judgment of dissolution of marriage, alleging that the parties neglected to indicate in their agreement that the pension plan referred to in Paragraph 13 was a federal retirement benefit. The former wife had apparently contacted the United States Office of Personnel Management ("Office") with inquiries regarding her former husband's pension benefits, and the Office refused to give out any information without a court order. The former wife, in her motion to amend the final judgment, further requested an order directing the Office to provide information regarding the status of the former husband's pension benefits.
The former husband subsequently filed a motion to dismiss, alleging that Paragraph 13 was part of the property settlement agreement and, therefore, not subject to modification. Notably, no allegations were made that the former wife was not entitled to one-half of the federal pension. Ultimately, the lower court granted the former husband's motion to dismiss with prejudice.
Although the former wife filed a motion to "amend" the final judgment of dissolution of marriage, the substance of her motion was a request for a clarification, rather than a modification. In other words, she is not seeking a new benefit, but rather, she is seeking to enforce that to which she believes the parties had agreed. The lower court should have treated the former wife's motion to amend as a motion for clarification or a petition for declaratory relief. E.g., Woolley v. Woolley, 637 So.2d 74 (Fla. 5th DCA 1994) (trial court had subject matter jurisdiction over former husband's motion for clarification and enforcement of property settlement agreement incorporated into final judgment in dissolution proceeding since husband only sought to enforce the agreement according to its terms, rather than to modify it).
The trial court's order of dismissal is reversed and we remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
W. SHARP, and THOMPSON, JJ., concur.