778 So.2d 517 (2001)
Ronald J. FUSSELL, Husband, Appellant,
v.
Rebecca J. FUSSELL, Wife, Appellee.
No. 1D00-2592.
District Court of Appeal of Florida, First District.
March 5, 2001.
*518 William S. Graessle, P.A., Winegeart & Graessle, P.A., Jacksonville, for Appellant.
Edward M. Booth, Jr., Booth, Arnold & Perez, P.A., Jacksonville and Michael J. Korn, Korn & Zehmer, P.A., Jacksonville, for Appellee.
POLSTON, J.
Appellant, Ronald J. Fussell (former husband), appeals from an Order on Motions of Former Husband and Former Wife for Modification, Clarification and Enforcement. The former husband argues the trial court erred by (i) restricting his telephone visitation with the parties' minor son, and (ii) restricting the instances of withdrawing the son from school. We affirm.
During a hearing, appellee Rebecca J. Fussell (former wife), described the former husband's calling patterns since their dissolution of marriage. She testified that the former husband calls her residence every morning at approximately 7:30 a.m., and in the afternoons. Even on nights that the former husband has the child until 8:00 p.m., he calls the former wife's residence once or twice after dropping the child off. The former wife claimed that the frequent phone calls disrupt her quality time with the child.
With regard to the former husband's telephonic visitation, the trial court found his daily calls to the former wife's residence to be "unreasonable." The trial court ruled the former husband can call the child on Sundays between 7:00 p.m. and 8:00 p.m., and he can call once during the week on a day and time agreed to by the parties. Furthermore, the parties can alter those times through a written agreement, and the trial court placed no limits on the child calling the father.
We hold that the trial court did not modify, but rather interpreted and clarified the final judgment's telephonic visitation provision. See Brown v. Brown, 604 So.2d 932 (Fla. 1st DCA 1992)(affirming a trial court order by concluding the order was a clarification of the noncustodial parent's visitation rights rather than a modification).
The final judgment stated, "[w]hen the child is with one parent, the other parent shall have open and reasonable telephonic communication with the child." During *519 the hearing on the parties' motions, the trial court stated that, "[t]he Court has the duty to see what is in the best interest of this child, and the Court is obviously having to interpret some of the provisions, like what is reasonable communication, which the Court is literally going to have to do."
The Court believes that the former husband's interest in his son and his dedication to being an active father is commendable. However, the trial court's restrictions are reasonable. The former wife should be allowed to enjoy a life with her son without the constant interruptions of disruptive phone calls from the former husband. Significantly, the trial court ordered that the son could call his father without any restrictions. Although it was implied at oral argument that the former wife may prevent the son from calling his father, there is no evidence that the former wife will disregard the court's ruling.
The former wife challenged the former husband's withdrawal of the son from school for recreational purposes. The wife testified that after these withdrawals, her son had a negative attitude towards school. There was competent, substantial evidence of a material change in circumstances since the dissolution of marriage and that the child's best interests would be promoted by the change. See Buttermore v. Meyer, 559 So.2d 357, 359 (Fla. 1st DCA 1990); Lane v. Lane, 599 So.2d 218, 219 (Fla. 4th DCA 1992)(holding that appellate court could not substitute its opinion for the trier of fact's regarding visitation rights).
Affirmed.
BENTON and PADOVANO, JJ., concur.