MAY, MELANIE G., Associate Judge.
Issues of notice, proper service, and a right to be heard are raised in this appeal. However, it is the lack of finality of the *306 order being appealed that forms the foundation of this opinion. ■
After entry of a default, the trial court entered a final judgment against the defendant. The defendant filed a motion for relief from judgment, which the trial court denied “without prejudice.” The trial court then denied a motion for rehearing. It is from the order denying the motion for rehearing on the motion for relief from judgment that the defendant now appeals.
Without reaching the merits of the underlying case, this Court is drawn to the language in the trial court’s order, which clearly indicates that the motion for relief from judgment is “denied without prejudice.” Such language is employed by courts to allow a party another opportunity to address the court on the issues(s) presented. “Such an order is not an appeal-able final order since it fail(s) to contain the ‘magic words demonstrating finality.’ ” Bushweiler v. Levine, 476 So.2d 725, 725-26 (Fla. 4th DCA 1985). We acknowledge that a final judgment has been entered, which might appear to bring the matter to conclusion. However, the fact that the final judgment was entered after a default makes the ruling on the Motion for Relief from Judgment the focus of our review.
Since we find that the trial court has indicated a willingness to consider the motion again, we hereby dismiss this appeal.
FARMER and TAYLOR, JJ., concur.