812 So.2d 500 (2002)
Elizabeth ROQUE, Appellant,
v.
Roy PASKOW, Appellee.
No. 4D01-3241.
District Court of Appeal of Florida, Fourth District.
March 13, 2002.
*501 Robert W. Sidweber of Robert W. Sidweber, P.A., Fort Lauderdale, for appellant.
Vicki L. Plant, Fort Lauderdale, for appellee.
WARNER, J.
In a dissolution case which the trial court described as the "most litigious case" in the division, the trial court attempted to clarify certain points in the final judgment of dissolution. The wife contends that the court actually modified the final judgment without proper pleadings requesting the modification. We conclude that the court erred in awarding the husband sole parental responsibility and calling it a clarification. However, we conclude that the trial court's other rulings constituted clarifications of the final judgment as opposed to modifications.
The parties' marriage was dissolved pursuant to a final judgment in 1997. In the final judgment, the court ruled that primary residential custody should be with the father and that he have "ultimate unilateral discretion" in making decisions on certain issues. The judgment further provided:
It's the legislative intent and the promulgation of Chapter 61.13 particularly with parental shared responsibility, that parents are to parent together to raise their children. This requires joint decisions. Yet the evidence before this court reveals that the parties have been incapable of doing so. The father's contact has been prevented. The mother has made unilateral dictatorial decisions regarding school, the father's access to the children and types of access, the children's psychological and medical care many times done without the father's knowledge, the father's vacation schedule. The court has no alternative but to award Mr. Paskow the ultimate unilateral discretion in making these decisions in the future, however, Mr. Paskow must first discuss these matters with Ms. Roque and must keep Ms. Roque informed as she is entitled to be in all school, medical, dental, psychological decisions of the children; as well as the progress with the children in school. Ms. Roque should know about all activities and events. Mr. Paskow will also be in charge of discussing any matters that the parties cannot agree to, with the Guardian Ad Litem and any counselor on the case, prior to any decision being made, ultimate decision.
The final judgment also provided for the division of holidays but did not specify the times the children needed to be dropped off or picked up on those days.
Subsequently, the mother filed a motion for contempt and for enforcement of shared parental responsibility against the father. She alleged that the father was excluding her from decision-making regarding the children. This motion was never ruled on. Nine months later, because of traumatic events suffered by one of the children, the father determined that the child needed therapy. In a motion filed by the father to prevent interference by the mother, he alleged that she was not *502 cooperating and was attempting to have the child seen by another therapist.
The trial court heard the motion and interpreted the final judgment's grant of "ultimate unilateral discretion" in decision-making as granting the father sole parental responsibility. While the mother conceded that the father could make the ultimate decision, the mother argued that he was required to first discuss the matter with the mother, and if they did not agree, a third party was to be consulted. The court concluded that because the father had ultimate authority, there was no need to consult a third party. The court's order stated:
This Court interprets the Final Judgment as giving the Former Husband sole parental responsibility. The decision as to what doctor is to treat the minor children lies with the father. The mother is free to participate, but she may not interfere with that decision. The father's only responsibility is to notify the mother of what is going on and of his decision, and the mother is free to be involved and may participate in the process, so long as she does not interfere.
The court also addressed the times the children were to be dropped off and picked up during holiday breaks. The court determined that, for purposes of the final judgment, a "day" was from 9:00 a.m. until 6:00 p.m. Thus, these times applied to the parties' visitation schedules during the children's spring break.
Shortly after this hearing, the mother took the child to see her own therapist without the father's consent, and the father brought another contempt motion for the mother's failure to get his consent. Following another hearing, the court ruled that because the father had sole parental responsibility with regard to the children's school and medical/psychological care, the mother could not initiate or involve the children in any treatment without written consent from the father or pursuant to court order. The order stated:
The Court again interprets the Final Judgment to grant the Former Husband sole parental responsibility with regard to the issues outlined in the final judgment, i.e. children's school, their psychological care and medical care. This means that with regard to those issues over which the father has sole parental responsibility, the Former Wife may not initiate or involve the child in any such proceedings or treatments that were not initiated or continued by the Former Husband, unless the Former Wife has written consent from the Former Husband, or unless pursuant to Court Order. This Court views anything short of written consent or Court Order as no consent. Nonetheless, when the Former Husband has placed the minor child in a particular program as a result of his sole parental responsibility pursuant to the Final Judgment, the Former Wife is free to assist in those matters, and is free to attend and participate in those activities, but she may not interfere with them, unless the Former Husband has given written consent or unless by Court Order. The Former Wife may do anything on her own without involving the child but before she may involve the child, she needs written consent or Court Order.
The mother appeals both orders, contending that the court effectively modified the final judgment without proper pleadings. The father, on the other hand, contends that the court merely clarified and interpreted the provisions of the original final judgment. In order for the trial court to modify a final judgment, the moving party must present the issue by appropriate pleadings. See McDonald v. *503 McDonald, 732 So.2d 505, 506 (Fla. 4th DCA 1999); Moody v. Moody, 721 So.2d 731, 734 (Fla. 1st DCA 1998). To obtain modification, a party must demonstrate a substantial change in circumstances necessitating the modification together with a determination that the best interests of the child will be promoted by the change. See Sullivan v. Sullivan, 736 So.2d 103, 105 (Fla. 4th DCA 1999). A modification seeks to change the status quo and seeks a new benefit for one party. See Dickinson v. Dickinson, 746 So.2d 1253, 1254 (Fla. 5th DCA 1999). On the other hand, a clarification does not seek to change rights and obligations but to make a judgment more clear and precise. See Fussell v. Fussell, 778 So.2d 517, 518 (Fla. 1st DCA 2001). Finally, the construction of a final judgment presents a question of law for the court, see Boynton v. Canal Auth., 311 So.2d 412, 415 (Fla. 1st DCA 1975), and we may review it de novo on appeal.
As we read the original final judgment, the court ordered shared parental responsibility with the father having ultimate decision-making authority in several specific areas. Although it gave the father the authority to make the final decisions, it required him to first discuss decisions in this area with the mother. The court further ordered that the father keep the mother informed "as she is entitled to be in all school, medical, dental, psychological decisions of the children." Finally, the court provided that where the parties disagreed, the father should discuss the matter with the Guardian Ad Litem or any counselor on the case. In other words, while the father could make the final decision on such matters as medical and psychological issues, he must first engage in a consultative process prior to reaching that decision.
With respect to the motions giving rise to this appeal, when the successor judge interpreted the final judgment as providing for sole parental responsibility in the father, he effected a change of the rights of the parties. He eliminated the consultative process that the original final judgment had provided to decide issues. Instead, the mother has no input in the decision-making process, and all the father need do is inform her of decisions already made. This reduces the mother's right to participate in very important decisions involving the health and well-being of her children. While the consultative process may have only led to more friction between the parties, the trial court could not simply eliminate these provisions without modifying the final judgment.
Because the essence of both orders on appeal involves the court's award of sole parental responsibility, we reverse that aspect of the orders with the exception of the court's prohibition that the mother not seek treatment for the children on her own. The final judgment provided that the father has the ultimate decision as to the children's medical and psychological care and is unambiguous on that point. The mother's treatment of her children without the father's consent is inconsistent with that provision. We also affirm that part of the trial court's order which sets forth the holiday visitation schedule. We construe that provision as merely clarifying the terms of the final judgment so that the judgment could be properly enforced as written. See Fussell, 778 So.2d at 518-19.
Our reversal should not be construed as prohibiting the court from considering all of these issues in connection with a properly filed petition for modification which requests a change in custody to sole parental responsibility. Nor does it prevent the court from simply clarifying the consultative process. It appears that the original final judgment contemplated the continuation *504 of the Guardian Ad Litem for just one year subsequent to the final judgment. Perhaps the original trial judge believed that communication between the parties would improve to the point that they could deal with issues in the best interest of their children. Sadly, that appears not to be the case. We therefore remand to the trial court to reconsider these issues.
FARMER and GROSS, JJ., concur.