821 So.2d 356 (2002)
NORTH STAR BEAUTY SALON, INC., a Florida corporation d/b/a Norman's of N.Y., Appellant,
v.
Judi ARTZT a/k/a Judith Artzt, Norman Artzt and Sasha, Inc., a Florida corporation d/b/a Norman's of N.Y., Appellees.
No. 4D02-24.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
Rehearing Denied August 8, 2002.
*357 Edward F. Holodak of Edward F. Holodak, P.A., and Joseph P. Klapholz of Manella & Klapholz, Hollywood, for appellant.
Steven Warm of Warm & Hixson, Boca Raton, for appellees.
STEVENSON, J.
We affirm an order granting the seller of a beauty salon, Artzt, an injunction prohibiting the buyer, North Star, from employing one of Artzt's former employees.
The salon was owned by Artzt's corporation, Mathews of New York, Inc. (Mathews) and was part of a chain known as Norman's of New York. We refer to Artzt and Mathews collectively as the seller. In June 2000, the seller sold the salon to North Star. The sale contract included a broad non-competition provision that contained the following terms, for the benefit of both buyer and seller:
Section 10.8 Non-Disturbance Agreement.

a) SELLER, and ... Artzt each warrant and agree that for a period of EIGHT (8) years ... and for a radius of fifteen (15) miles, that they shall not employ, engage, manage, operate or control,... or be connected ... in any business, to any extent, in which said business employs, directly or indirectly, or contracts for the work or services of any of the individuals listed on Exhibit "I" who are the employees/contractors presently operating the business being sold under the terms of this contract.... The list of employees/contractors or operators which are covered by this paragraph are attached hereto as Exhibit "I."
Steven Radosti, a substantial producer for the salon, was employed by the seller as a hair colorist between 1995 and 1999. He was not employed by the seller on June 27, 2000, the day on which it sold the salon to North Star. Subsequent to the sale of the salon, he went to work for the seller, and then went to work for North Star.
North Star sued the seller, seeking enforcement and damages for breach of contract. In response, the seller sued North *358 Star seeking similar relief. North Star moved for summary judgment, asserting that the seller hired Radosti in violation of paragraph 10.8(a) of their contract. Although Radosti is not identified in exhibit "I" of the contract, the trial court granted North Star summary judgment.
In response to North Star's action, the seller sought, and obtained, an injunction against North Star on the basis of section 10.8(b) in their contract, which provides:
b) BUYER shall not knowingly employ any individuals who have been employed by Norman's of New York at a store other than the subject location on the date of closing, and shall obtain an affidavit from any future employees that he/she is not a former employee of said Norman's of New York, as of the date of closing, or be subject to the same remedies as described herein. Obtaining an Affidavit from a prospective employee shall be deemed as compliance by Buyer with this provision.
(emphasis added). The two lawsuits were consolidated. The trial court ruled that the contract was unambiguous and enjoined North Star from employing Steven Radosti.
A trial court's interpretation of a contract is reviewable by this court under a de novo standard of review provided the language is clear and unambiguous and free of conflicting inferences. See Miller v. Kase, 789 So.2d 1095, 1097 (Fla. 4th DCA 2001). In such case of ambiguity, the existence of the ambiguity is a question of law, and the ambiguity must be resolved as a question of fact. See Bd. of Trs. of the Internal Improvement Trust Fund v. Lost Tree Vill. Corp., 805 So.2d 22, 26 (Fla. 4th DCA 2001).
In our de novo review of the legal interpretation of this contract, we agree with the trial court's conclusion that the contract language was unambiguous. As indicated in exhibit I, the contract restricted the seller from hiring persons employed at the salon at the time of sale, and also restricted the buyer from hiring people formerly employed by the seller. The contract language clearly prevented the buyer from hiring any of the seller's former employees, regardless of when employed, other than those employed at the business on the date of sale. Thus, North Star was prohibited under the contract from employing Steven Radosti, a former employee of the seller who was not employed at the salon on the date of sale.
Accordingly, we affirm the trial court's order granting preliminary injunction.
AFFIRMED.
KLEIN, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would reverse. In my judgment, the contract is ambiguous. Each party offers a different interpretation of the contract's meaning. According to the seller, the contract restricted it from hiring persons employed at the location sold at the time of sale and restricted the buyer from hiring people formerly employed by the seller. North Star asserts that the contract is clear that the prohibition applied only to its hiring employees who were employed by Norman's on the date of closing. North Star claims the trial court order effectively interprets the contract provision beyond its express language to preclude any former Norman's employee from working for North Star.
Although each party asserts that the contract is clearNorth Star, looking to the precise words used, and the seller, asking that the total contract be considered this case, like others, "presents the *359 paradox of each side claiming that the contract is clear and unambiguous, but each ascribes a different meaning to the `unambiguous' language...." Miller v. Kase, 789 So.2d 1095, 1097 (Fla. 4th DCA 2001).
I would, therefore, reverse the summary judgment and remand for an evidentiary hearing to determine the intent of the parties as to the meaning of paragraphs 10(a) and 10(b).