835 So.2d 361 (2003)
Leticia R. GRASSO, f/k/a, Leticia R. Mulholland, Appellant,
v.
Michael P. MULHOLLAND, Appellee.
No. 5D02-255.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
Seymour Benson and Michael P. Sampson, of Carlton Fields, P.A., Orlando, for Appellant.
James M. Campbell, Orlando, for Appellee.
SHARP, W., J.
We agree with appellant that three of the four visitation orders rendered by the trial court are appealable,[1] but a fourth order denying appellant's objection to a hearing to alter, modify or extend visitation is a non-final, non-appealable order.[2] *362 We also decline to review by certiorari any of the parenting orders sought to be brought before us by appellant,[3] and requirements that the parties keep diaries of their behavior with one another and attend certain classes.
We reject appellant's position that the trial court lacked jurisdiction to render the appealable orders because appellee failed to file pleadings seeking a modification of the parties' dissolution decree regarding visitation rights and asserting a substantial change in circumstances.[4]
Although this is a close case, it appears to us that the court was, in essence, interpreting and clarifying the parties' agreement, incorporated into the decree of dissolution, with regard to the parties' visitation schedule with their three children. See Fussell v. Fussell, 778 So.2d 517 (Fla. 1st DCA 2001); Roque v. Paskow, 812 So.2d 500 (Fla. 4th DCA 2002); Dickinson v. Dickinson, 746 So.2d 1253 (Fla. 5th DCA 1999). The trial court found that the provision in the settlement that the former husband have not "less than" the times stated in the schedule for visitation with his children was ambiguous and, based on the parties' intent and their performance of the agreement over the years, this provision meant that he was intended to have more time with his children than the schedule provided.
An ambiguity in a contract should be resolved by the trier of fact. North Star Beauty Salon, Inc. v. Artzt, 821 So.2d 356 (Fla. 4th DCA 2002); Board of Trustees of Internal Improvement Trust Fund v. Lost Tree Village Corp., 805 So.2d 22, 26 (Fla. 4th DCA 2001). And, in this context, ambiguities should be resolved in accord with the best interest of the children. Delissio v. Delissio, 821 So.2d 350 (Fla. 1st DCA 2002); Ballantyne v. Ballantyne, 666 So.2d 957 (Fla. 1st DCA 1996); Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA 1989). The trial court did so in this case, finding that it was in the best interest of the children to have more visitation with their father than was set forth in the visitation schedule. See Sinclair v. Sinclair, 804 So.2d 589 (Fla. 2d DCA 2002).
AFFIRMED.
PLEUS, J., and COBB, W.H., Senior Judge, concur.
NOTES
[1] See Fla. R.App. P. 9.030(1)(b)(A); Fla. R.App. P. 9.030(1)(b)(B).
[2] Fla. R.App. P. 9.130. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987).
[3] The Notice of Appeal lists the following orders as appealable: (1) Order on Former Wife's Objection to Hearing to Alter, Modify, Vary or Extend Visitation; (2) Order on Former Wife's Motion to Enforce Agreement; (3) Amended Order on Former Wife's Motion to Enforce Agreement; (4) Order on Former Husband's Request for Expanded Visitation, all of which constitute the Visitation Orders; and (5) Order Requiring Parents' Diaries; and (6) Order for Assessment by the Court Care Center for Divorcing Families, the Parenting Orders.
[4] See Ellis v. Ellis, 603 So.2d 114 (Fla. 4th DCA 1992).