877 So.2d 960 (2004)
Nelson ENCARNACION, Appellant,
v.
Lillian I. ENCARNACION, Appellee.
No. 5D03-2539.
District Court of Appeal of Florida, Fifth District.
July 30, 2004.
*961 Julie F. Weinberger, Kissimmee, for Appellant.
Eunice M. Caussade-Garcia, Kissimmee, for Appellee.
SHARP, W., J.
The former husband, Nelson Encarnacion, appeals from a final judgment rendered after a final judgment of dissolution had become final, which changed the equitable distribution of marital property in favor of the former wife, Lillian Encarnacion. We reverse.
The parties in this case were married on December 22, 1985 and Nelson filed a petition for dissolution on December 5, 2001. The parties attended a mediation hearing and reached a partial settlement regarding their respective rights to marital real property. Regarding the marital residence, the agreement provided:

*962 3. DISPOSITION OF MARITAL HOME:

The parties agree to sell the marital home. The parties agree that until the home is sold the wife will have exclusive use, and possession of the home.
The wife agrees to be solely responsible for the mortgage, insurance, and taxes. At the time of the closing the wife will have 60% of the proceeds, and the husband 40%. Any repairs necessary for the sale will be used from the following monies taxes, canceled life insurance, rental money, total $1,900.00 plus the 2001 tax refund if necessary. Any monies that are not used will be split 50-50. (emphasis added)
Regarding a condominium the parties owned in Daytona Beach, Florida, the agreement provided:
8. REAL PROPERTY

The parties agree to sell the condo in Daytona Beach, and split the proceeds. The parties agree to sell the property located in Interlachen, Florida, and split the proceeds 50-50.
In the event that the marital home sells first, and the condo has not sold. [sic] The parties agree that the wife can purchase the condo for $15,000.00, if she chooses. (emphasis added)
The trial court rendered a final judgment in the dissolution case on July 18, 2002, which ratified and incorporated the agreement. Paragraph 15 of the final judgment reserved jurisdiction to enforce the agreement and the final judgment, but not to alter it.
Nelson filed two motions to enforce the agreement; one on November 3, 2002, and one on December 12, 2002. He alleged Lillian failed to comply with the terms of the agreement regarding the placement of the marital residence on the market for sale, making a good faith effort to sell it, and making it available to be shown. Apparently no progress towards selling the marital home, pursuant to the settlement, was made.
On January 13, 2003, Lillian filed a "Supplemental Petition" to modify the final judgment of dissolution. In her petition, she alleged a substantial change in circumstances requiring that the marital residence not be sold but rather awarded solely to her because she and the children have "established significant ties with the community and school district where the property is located," and that the condominium property should be awarded to Nelson. She also requested that the court deal with the parties' obligations growing out of a joint Visa credit card debt (evidently post-judgment), because the prior judgment reserved jurisdiction to deal with "debt allocation" of the parties.
Nelson, appearing pro se, filed a response, in which he stated:

I agree that the home should be awarded to my former wife..... If the court will give a reasonable time for my release of liability under the Mortgage/Note, I agree with this and will Quit Claim the property over to Lillian. (emphasis added)
With regard to the condominium in Daytona Beach, Nelson's response stated:

I would like to accept this change and have my former wife Quit Claim the condominium to me. I am willing to accept the responsibility for the associated obligations. (emphasis added)
The trial court conducted an evidentiary hearing on Lillian's petition. Nelson represented himself pro se. There was no court reporter and thus no transcript. The trial court ruled that both the marital residence and the condominium should be transferred to Lillian.

*963 The parties owned a home as tenants in common and the agreed equity payment from wife to husband is $15,000. Attached is a copy of the deed for the property and the legal description contained within is incorporated herein. This final judgment shall act as a deed to transfer all of the rights, title and interest in the former homestead from Nelson Encarnacion to Lillian I. Encarnacion and deed attached hereto.... Also, attached is a deed for a condominium located in Volusia County, Florida. Likewise, all of the rights, title and interest in the condominium of Nelson Encarnacion is transferred to Lillian I. Encarnacion.
It made no findings of fact to support these changes. It did make findings that after awarding Lillian the marital residence, the parties stipulated she owed Nelson $15,000 for his equity in the marital home and that he owed her various lesser sums for unpaid past medical bills, joint obligations on their joint credit card and a cash advance. It also set Nelson's child support obligations at $158.31 per month, but ruled that they would be credited against the amount Lillian owed him ($15,000 less his obligations owed her) until he no longer owed child support, at which time the full obligation she owed him would be payable immediately, whatever that might be. Or, if the amount she owed him was exhausted before his child support obligations ended, he would then be required to pay child support.[1]
Without a transcript, in an appeal from an evidentiary hearing, this court is unable to provide an appellate remedy because it has nothing to review and the presumption is there was competent evidence to support the trial court's rulings. See Paul v. Charles, 816 So.2d 837 (Fla. 5th DCA 2002); Prymus v. Prymus, 753 So.2d 742 (Fla. 3d DCA 2000); Autustin v. Dade County School Board, 766 So.2d 406 (Fla. 3d DCA 2000). However, if the trial court lacks jurisdiction to act, based on the record before this court, relief may be provided. See Fortune v. Pantin, 851 So.2d 274 (Fla. 5th DCA 2003); Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990).
At the time a judgment of dissolution of marriage becomes final, the parties' property rights, if determined by the judgment are fixed as a matter of law. Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988). A court may clarify what is implicit in a final judgment,[2] and enforce the judgment.[3] But after a final judgment is rendered, a trial court lacks jurisdiction under chapter 61 to determine property rights, unless the final judgment reserves jurisdiction for a specific purpose regarding identified property. See Semko v. Semko, 537 So.2d 588 (Fla. 3d DCA 1988); Flanders v. Flanders, 516 So.2d 1090, 1091 (Fla. 5th DCA 1987) (absent facts supporting *964 a reformation in equity, courts have no authority to modify a property settlement agreement). No reservation to redetermine property rights exists in the dissolution judgment under review in this case, and the trial judge specifically dealt with the parties' rights with regard to the two marital properties in question.
With regard to the marital residence, it appears that Nelson may have agreed to change his property rights provided in the settlement agreement, somewhat, by filing his response. Thus any claim of error in this regard could have been waived, under the invited error doctrine. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 478 (Fla.1995); Fuller v. Palm Auto Plaza, Inc., 683 So.2d 654 (Fla. 4th DCA 1996); Held v. Held, 617 So.2d 358 (Fla. 4th DCA 1993).
However, Nelson's agreement to give up his previously established 40% interest in the marital residence, as established by his response, indicates it was conditioned on his being released from liability from the mortgage and note pertaining to that property, and upon Lillian transferring to him her interest in the condominium property. Nothing in his response empowered the trial court to modify the dissolution judgment in the manner it did, by giving both properties to Lillian.
We appreciate the lower court's efforts in this case to work a global settlement of other issues between the parties, such as their debts owed one another, and child support payable in the future, by offsetting them against the $15,000 owed Nelson after redetermining the parties' marital property rights. Had this been a review of the initial dissolution judgment, we would have affirmed, absent a transcript. However, we find, based on this record, the trial court lacked jurisdiction to redetermine and restructure the settlement agreement with regard to the marital properties. Nor is there a basis in this record to conclude that Nelson consented or agreed to this restructuring of his rights previously established by the initial dissolution judgment. Accordingly, we reverse this final judgment and remand for further proceedings.
REVERSED and REMANDED.
THOMPSON, J., concurs.
MONACO, J., concurs in result only.
NOTES
[1] One may wonder why, based on the limited subjects raised in Lillian's supplemental petition, the court dealt with matters outside the scope of her allegations, such as a cash advance to Nelson of $2,000 and child support. However, parties to a hearing can be bound by issues tried without their objection. See Byers v. Callahan, 848 So.2d 1180 (Fla. 2d DCA 2003); LRX, Inc. v. Horizon Associates Joint Venture, 842 So.2d 881 (Fla. 4th DCA 2003); Book v. City of Winter Park, 718 So.2d 945 (Fla. 5th DCA 1998). This is just one of the hazards of appearing pro se at an evidentiary hearing.
[2] Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986); Semko v. Semko, 537 So.2d 588 (Fla. 3d DCA 1988). See also Dickinson v. Dickinson, 746 So.2d 1253 (Fla. 5th DCA 1999).
[3] Smilack v. Smilack, 858 So.2d 1072 (Fla. 5th DCA 2003); Woolley v. Woolley, 637 So.2d 74 (Fla. 5th DCA 1994).