961 So.2d 1068 (2007)
Larry POMERANZ, Appellant,
v.
Ina T. POMERANZ, Appellee.
No. 4D06-2158.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Rehearing Denied September 7, 2007.
*1069 Nancy A. Hass of Nancy A. Hass, P.A., Hallandale Beach, for appellant.
No brief filed for appellee.
POLEN, J.
Larry Pomeranz ("former husband") appeals an order on Ina T. Pomeranz's ("former wife") motion to compel, deriving from a final judgment of dissolution of marriage. We reverse in part the appealed order granting former wife's motion to compel.
Former wife filed a petition to dissolve her six-year marriage to former husband. In its final judgment of dissolution of marriage, the trial court designated former wife primary residential custodial parent of the parties' minor children and determined that the parties would have shared parental responsibility. Former wife later filed a motion to compel former husband to, among other things, attend the children's swimming lessons, cease engaging the children in inappropriate conversation involving the litigation and/or disputes between him and former wife, and help make plans for one of their children to receive counseling/therapy. The trial court held a hearing and granted former wife's motion, stating:
The parties have shared parental responsibility and it shall be the responsibility of the father to set up a legitimate conference with the mother concerning any major decision regarding the health, education and general welfare of the children. The parties are to confer and consult with one another about these subjects. In the event the parties are unable to agree, the mother's decision shall prevail for all reasons stated in the transcript. . . .
On appeal, former husband argues that the trial court abused its discretion when, in granting former wife's motion to compel, the court modified the terms of the final judgment to allow former wife ultimate authority over decisions relating to the health, education and general welfare of the children. He claims that this constituted an improper modification of *1070 the final judgment without proper pleadings. We agree.
A modification seeks to change the status quo and seeks a new benefit for one party. Dickinson v. Dickinson, 746 So.2d 1253, 1254 (Fla. 5th DCA 1999). On the other hand, a clarification does not seek to change rights and obligations, but to make a judgment more clear and precise. Fussell v. Fussell, 778 So.2d 517, 518 (Fla. 1st DCA 2001). In order for the trial court to modify a final judgment, the moving party must present the issue by appropriate pleadings. McDonald v. McDonald, 732 So.2d 505, 506 (Fla. 4th DCA 1999). To obtain modification, a party must also demonstrate a substantial change in circumstances necessitating the modification together with a determination that the best interests of the child will be promoted by the change. Sullivan v. Sullivan, 736 So.2d 103, 105 (Fla. 4th DCA 1999).
Here, the trial court granted former wife primary residential custodianship and ordered shared parental responsibility in its final judgment. It did not grant former wife ultimate responsibility over specific aspects of the child's welfare, including education and healthcare, pursuant to section 61.13(2)(b)2.a, Florida Statutes (2004). Four months after entry of the final judgment, former wife filed a motion to compel. In her motion, former wife did not seek sole parental authority (nor did she ask the court to modify the final judgment), yet the trial court gave her this right should the parties not agree in decisions relating to the children's welfare. The court did so because the parties had been unable to resolve these issues themselves. However, this constituted a modification of the final judgment because it conferred a new benefit on former wife. See Dickinson, 746 So.2d at 1254. Absent a petition for modification, the trial court lacked subject matter jurisdiction to make this change to the parties' rights. See McDonald, 732 So.2d at 506.
We therefore find that the court abused its discretion in modifying the final judgment and we accordingly reverse in part its order on former wife's motion to compel. Reversal should not be construed as prohibiting the court from considering a properly filed petition for modification.
As to the other issue raised on appealwhether the trial court abused its discretion in denying former husband's motion to enforce former wife's compliance with the Hillel school provision of the final judgment  we affirm. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) (standard of review for dissolution of marriage proceedings is abuse of discretion).
In the final judgment, the court ordered that, "As the primary residential parent, the Wife shall make the decision with regard to school; however, if the Husband wants to provide for the full tuition, up front, for the children to attend Hillel, then they may continue to attend Hillel. . . ." Former husband subsequently arranged for payment of the Hillel Day School of Boca Raton tuition in advance of the upcoming school year (the final judgment was entered in the summer of 2005), albeit through scholarship. But former wife refused to permit the children to attend Hillel. Former husband consequently filed a Motion to Enforce Mother's Compliance with Hillel School/Motion for Contempt, in which he alleged that former wife placed the children in public schools in willful and intentional violation of the final judgment and requested that the trial court enter an order allowing the minor children to attend Hillel.
The trial court, however, denied former husband's motion. In so doing, it found the Hillel school provision of the final judgment meant that former wife had the option of sending the children to Hillel *1071 should former husband pay tuition. Thus, according to the court, choice of school was ultimately former wife's. The court explained that it had not reconsidered or corrected the final judgment, but had clarified what it had previously said.
As noted above, a clarification does not seek to change rights and obligations, but to make a judgment more clear and precise. Fussell, 778 So.2d at 518. Furthermore, "A court may clarify what is implicit in a final judgment, and enforce the judgment." Encarnacion v. Encarnacion, 877 So.2d 960, 963 (Fla. 5th DCA 2004). Here, the relevant language in the final judgment was ambiguous as to whether former wife had final authority to determine which school(s) the minor children attended. The court's use of "may," as in "if the Husband wants to provide for the full tuition, up front, for the children to attend Hillel, then they may continue to attend Hillel. . . .") (emphasis added), could have been interpreted as allowing former wife this ultimate authority, even should former husband offer to pay the tuition. Thus, it was within the trial court's discretion to make a clarification. See id. This is particularly the case where, as here, the clarification had an equitable result (former wife sends the children to an A-rated public school). See Stebbins v. Stebbins, 435 So.2d 383, 386 (Fla. 5th DCA 1983) (Sharp, J., dissenting) (stating that although property settlement agreement was somewhat ambiguous in its terms, trial court's interpretation should be affirmed because it had an equitable result).
Affirmed in Part; Reversed in Part.
STEVENSON and TAYLOR, JJ., concur.