PER CURIAM.
Petitioner, defendant in a medical malpractice action below, seeks a writ of cer-tiorari to quash a trial court order that prevented petitioner from deposing opposing counsel, Christian Searcy. In the ac *1092 tion below, a patient’s widow is suing the petitioner, a psychiatrist, for alleged negligence in his treatment of her husband who committed suicide some time after the psychiatrist had prescribed the decedent antidepressant medication.
Searcy had known the decedent for a number of years and had played golf with the decedent three days before he took his own life. The wife, who is suing in her capacity as the personal representative of her husband’s estate, wants Searcy to represent her at trial. The trial court refused to permit the psychiatrist to depose Searcy unless the doctor agreed to waive any potential disqualification of Searcy from serving as wife’s counsel.
We find no departure from the essential requirements of law that warrants this court’s exercise of its extraordinary writ jurisdiction. See Power Plant Entertainment, LLC v. Trump Hotels & Casino Resorts Dev. Co., LLC, 958 So.2d 565 (Fla. 4th DCA 2007). Our announcement in Power Plant was not an invitation for litigants to seek review of all orders denying discovery. The review contemplated by Power Plant is reserved for extraordinary and highly unusual situations where the trial court’s order constitutes a serious departure from the essential requirements of law that cannot be remedied on direct appeal. While we have no “hard and fast” rule against such review, this case does not present the exceptional circumstances we envisioned in Power Plant, nor those considered by the fifth district in Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000). The petition is dismissed.
STONE, POLEN and STEVENSON, JJ., concur.