DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARLENE PREUDHOMME,**
Appellant,

v.

**GARTH BAILEY,**
Appellee.

No. 4D14-4553

[February 24, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrilee Ehrlich, Judge; L.T. Case No. 09-7641 (40).

Arlene Preudhomme, Pembroke Pines, pro se.

No appearance for appellee.

PER CURIAM.

We affirm the Order upon Petitioner/Former Husband's Motion for Clarification and Enforcement of Parenting Plan, finding that the trial court did not abuse its discretion in clarifying the parenting plan. *See Pomeranz v. Pomeranz*, 961 So. 2d 1068 (Fla. 4th DCA 2007). The wife's Motion for Reconsideration or Rehearing of Order on Former Husband's Motion for Clarification and Enforcement is deemed abandoned because she filed her notice of appeal before rendition of a written order on her motion. Fla. R. App. P. 9.020(i)(3) (2014 ed.)[1]; *GEICO Gen. Ins. Co. v. Williams*, 111 So. 3d 240, 243 (Fla. 4th DCA 2013).

We dismiss the wife's appeal as to the other orders. The order denying the Former Wife's Motion to Amend, Clarify, and/or Enforce Parenting Plan was without prejudice to her filing "separate, legally sufficient motions and/or petitions" and therefore was not a final order nor an appealable non-final order. *See Palamara v. Chinnock Marine, Inc.*, 788 So. 2d 305 (Fla. 4th DCA 2001); Fla. R. App. P. 9.130(a)(3). For this same reason, we

---

[1] Effective January 1, 2015, rule 9.020(i)(3) was amended to provide that "the appeal shall be held in abeyance until the filing of a signed, written order disposing of the last such motion."

dismiss the wife's appeal of the order denying without prejudice the Former Wife's Amended Motion for Attorneys Fees and Costs.  *See Scott ex rel. Scott v. Women's Med. Grp., P.A.*, 837 So. 2d 577, 577 (Fla. 1st DCA 2003) (stating that an order denying a motion for attorney's fees without prejudice is neither a final order nor an appealable non-final order).

The wife attempts to circumvent this rule by seeking certiorari review of the order denying her motion for fees; however, certiorari review is not appropriate.  *See Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1098 (Fla. 1987).  The wife also seeks certiorari review of the Order upon Former Wife's Motion to Compel Accurate, Complete Responses to Her Supplemental Request to Produce.  This court lacks jurisdiction to review the order.  *See Goslin v. Preisser*, 148 So. 3d 869 (Fla. 1st DCA 2014); *Romanos v. Caldwell*, 980 So. 2d 1091 (Fla. 4th DCA 2008).

*Affirmed in part and dismissed in part.*

WARNER, GROSS and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***