DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNIS DAMIO** and **PENNY DAMIO,**
Appellants,

v.

**MARINE HOSPITALITY CORPORATION**, a Florida corporation, **VIDEN CORPORATION**, and **ORI AVRAHAM GORDIN** and **TERESA SHELLEY**, as Personal Representatives of the Estate of Shelley W. Shelley, deceased, Appellees.

No. 4D13-2117

[March 2, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Robert A. Rosenberg and William W. Haury, Jr., Judges; L.T. Case No. 01-016973 CACE.

Bradford J. Beilly and John Strohsahl of Beilly & Strohsahl, P.A., Fort Lauderdale, for appellants.

Lee H. Schillinger of Lee H. Schillinger, P.A., Hollywood, for appellees.

SCHER, ROSEMARIE, Associate Judge.

This case arises out of complicated shareholder transactions and related disputes. Marine Hospitality Corporation and Viden Corporation ("the Companies") filed a twelve-count complaint against Dennis and Penny Damio. The Damios filed a third-party complaint against Shelley W. Shelley. After a prolonged nonjury trial, the trial court entered a final judgment awarding the Companies damages against the Damios.

The Damios appeal the final judgment on the following grounds: 1) the trial court erred by not ordering a new trial because the delay between the trial and issuance of the final judgment was unreasonable and resulted in an inconsistent and confusing judgment; 2) the trial court erred by not ruling on the Damios' derivative conversion claims; 3) the trial court erred in its damage calculations, including granting judgment to the Companies on a cause of action not pled and not tried by implied consent; and 4) the trial court erred in dismissing the Damios' third-party complaint. We affirm on issues one, two, and four without further comment. We reverse

on issue number three, as explained below.

The trial court awarded damages to the Companies for the Damios' breach of fiduciary duty,[1] Dennis Damio's liability for a $50,000 promissory note, and his liability for a second $50,000 promissory note.[2] Dennis Damio maintains that the final judgment fails to credit him $67,000 for expenses incurred by him to which the trial court previously acknowledged he was entitled.

Two documents address amounts to be disbursed to Dennis Damio: the Preliminary Shareholders Agreement (signed only by Dennis and Penny Damio) and the subsequent Letter of Acceptance (signed by Dennis Damio and Shelley W. Shelley). Whether Dennis Damio was entitled to a disbursement of $67,000 is an issue of contract interpretation and subject to de novo review. *N. Star Beauty Salon, Inc. v. Artzt*, 821 So. 2d 356, 358 (Fla. 4th DCA 2002). When examining a contract, the court shall consider the plain language of the contract without giving it additional meaning. *Cont'l Fla. Materials Inc. v. Kusherman*, 91 So. 3d 159, 164 (Fla. 4th DCA 2012).

Under the Preliminary Shareholders agreement, Damio was to receive $167,000 to cover his expenses and was required to "give receipts and details of all expenses." However, the latter-executed Letter of Acceptance does not require Damio to give receipts—it merely states that "[t]he corporation will pay Dennis Damio $67,000.00 within the month of November, 2000 to cover his previous expenses." This letter, signed by both parties, does not contain any condition precedent to the $67,000 payment to Damio. Accordingly, the trial court erred when it included the $67,000 in the Companies' damages for breach of fiduciary duty.[3]

Additionally, the trial court awarded $50,000 in principal and $55,125 in interest on the second promissory note. While the Companies' controlling fourth-amended complaint and the amendment to the fourth-amended complaint set forth a cause of action for the first promissory note,

---

[1] The total awarded for breach of fiduciary duty was $315,509.69, broken down as follows: $165,600 for improper wire transfers; $95,910 for prejudgment interest on the transfers from October 2001; $27,811 for unauthorized American Express charges; and, $26,188.69 for prejudgment interest on American Express charges from July 2001.

[2] The trial court also awarded $55,125 in interest for the first note and $55,125 in interest for the second note.

[3] The Letter of Acceptance also calls for the first $100,000 "in profit" to be paid to Dennis Damio. There is no evidence that there was any profit to distribute.

the Companies never pled a cause of action for the second promissory note. Moreover, it was not tried by implied consent.

Accordingly, we remand this case to the trial court to reduce the final judgment by $172,125: $67,000 for the November 2000 payment Dennis Damio was entitled to receive, and $105,125 ($50,000 plus $55,125) for the second promissory note. Because the final judgment includes prejudgment interest awarded on the $67,000, that figure should also be recalculated and the judgment reduced accordingly.

*Reversed and Remanded.*

MAY and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

3