IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN TRAVIS,

        Appellant,

v.

        Case No.  5D20-2617
        LT Case No. 2013-DR-001364

DEBORAH TRAVIS,

        Appellee.

_____/

Opinion filed July 1, 2022

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Nicholas A. Shannin and Carol B.
Shannin, of Shannin Law Firm, P.A.,
Orlando, for Appellant.

Moses Robert Dewitt, of Dewitt Law
Firm, P.A., Orlando, for Appellee.


EDWARDS, J.

      Appellant, John Travis ("Former Husband"), appeals the order denying

his motion for rehearing and reconsideration regarding several Qualified

Domestic Relations Orders (QDROs) rendered by the trial court regarding the distribution of certain retirement or pension funds and the three QDROs issued after he filed his first notice of appeal. We affirm in part but vacate the February 2021 QDROs and remand for further proceedings.

After over thirty years of marriage to Former Husband, Appellee, Deborah Travis ("Former Wife"), filed a petition for dissolution of marriage. In the final judgment of dissolution of marriage, the trial court equitably distributed the marital assets, including "retirement assets (401k) valued at in excess of $625,000.00 as well as pension benefits" and specifically distributed two retirement plans titled "Lockheed Martin Salaried Savings" ("Lockheed Savings Plan") and the "GE Retirement Savings" ("GE Savings Plan"). All of these accounts were generated by Former Husband's employment while Former Wife was a stay-at-home mother.

Two years later, Former Husband moved for entry of two QDROs for the GE Savings Plan and the Lockheed Savings Plan. After holding a hearing where only these two QDROs were discussed, the lower court entered a QDRO for the GE Savings Plan and a QDRO for the Lockheed Savings Plan. Despite the Lockheed Martin Corporation Salaried Employee Retirement Program ("Lockheed Retirement Program") not being addressed in Former Husband's motion nor discussed during the hearing, the trial court also

2

entered a QDRO for the Lockheed Retirement Program. Additionally, the trial court also entered an Addendum to the final judgment to effectuate the QDROs.

Former Husband filed a motion for rehearing or reconsideration, arguing that the trial court did not have jurisdiction to enter the QDRO discussing the Lockheed Retirement Program because it was a new benefit not awarded in the final judgment. The trial court denied his motion and Former Husband appealed. In February 2021, after Former Husband filed his notice of appeal, the trial court entered three QDROs. One QDRO was an amended version of the GE Savings Plan, with no substantive changes. The other two QDROs split the two portions of the Lockheed Retirement Program, which were distributed together in the original QDRO.[1] Former Husband then filed an amended notice of appeal to include the three QDROs entered.

<u>Jurisdiction re: Lockheed Retirement Program QDRO and Addendum</u>

> At the time a judgment of dissolution of marriage becomes final, the parties' property rights, if determined by the judgment are fixed as a matter of law. *Brandt v. Brandt*, 525 So. 2d 1017 (Fla. 4th DCA 1988). A court may clarify what is implicit in a final judgment, and enforce the judgment. But after a final judgment is rendered, a trial court lacks jurisdiction under chapter 61 to

---

[1] One portion is a qualified benefit and the other portion is a non-qualified benefit, which the new QDRO refers to as the Lockheed Martin Corporation Supplemental Retirement Plan.

determine property rights, unless the final judgment reserves jurisdiction for a specific purpose regarding identified property. *See Semko v. Semko*, 537 So. 2d 588 (Fla. 3d DCA 1988); *Flanders v. Flanders*, 516 So. 2d 1090, 1091 (Fla. 5th DCA 1987)[].

*Encarnacion v. Encarnacion*, 877 So. 2d 960, 963 (Fla. 5th DCA 2004) (footnotes omitted). A clarification seeks to make a judgment clearer and more precise, as opposed to a modification, which changes the status quo and alters the rights and obligations of the parties. *Bustamante v. O'Brien*, 286 So. 3d 352, 355 (Fla. 1st DCA 2019) (citing *Roque v. Paskow*, 812 So. 2d 500, 503 (Fla. 4th DCA 2002)).

In *Haas v. Haas*, the Third District held that the trial court impermissibly modified the final judgment where it awarded heavy duty tools and equipment which were not expressly included in the final judgment of dissolution of marriage and no term in the judgment was broad enough to include them. 421 So. 2d 664, 666 (Fla. 3d DCA 1982); *see Hobbs v. Hobbs*, 518 So. 2d 439, 440 (Fla. 1st DCA 1988) (holding that the trial court clarified what was meant by the property described in both the final decree and the property settlement agreement as the marital home where both designated the home by the mailing address instead of the legal description).

The final judgment of dissolution of marriage stated that "[e]quitable distribution also results in an equitable distribution of retirement assets . . .

4

as well as pension benefits." Although the judgment did not list the full name of the Lockheed Retirement Program, it is the only retirement plan in the record that is described as or referred to as a pension plan. Additionally, the final judgment states that Former Husband's pension was marital property, and Former Husband conceded that it was as well. Therefore, the term "pension plan" in the final judgment must have referred to the Lockheed Retirement Program and was broad enough to include the Lockheed Retirement Program. Accordingly, we affirm because the trial court clarified the final judgment when entering the QDRO on the Lockheed Retirement Program and therefore did not distribute a new benefit in either the Lockheed Retirement Program QDRO or the accompanying Addendum.

### Three Additional QDROs

"Florida Rule of Appellate Procedure 9.600(c)(1) states that in a family law case the trial court retains jurisdiction to enter orders awarding alimony or 'other awards necessary to protect the welfare and rights of any party pending appeal.'" *McPherson v. McPherson*, 775 So. 2d 973, 973–74 (Fla. 4th DCA 2000). "This is a limited jurisdiction and is calculated to protect the party seeking or needing relief until the appellate court *decides the issue on appeal*." *Campbell v. Campbell*, 436 So. 2d 374, 375 (Fla. 5th DCA 1983) (emphasis in original).

5

None of the QDROs entered after Former Husband filed his notice of appeal contained language stating that the QDROs were temporary and would only affect the parties until this Court decided this appeal. We hold that the trial court exceeded its limited jurisdiction granted by Florida Rule of Appellate Procedure 9.600(c)(1) when entering these QDROs while this appeal was pending. We vacate the three additional February 2021 QDROs and remand for further proceedings.

Accordingly, we affirm the Lockheed Retirement Program QDRO and accompanying Addendum and vacate the February 2021 QDROs and remand for further proceedings.

AFFIRMED IN PART; VACATE February 2021 QDROs; and REMANDED with instructions.

LAMBERT, C.J. and SASSO, J., concur.

6