637 So.2d 74 (1994)
Douglas J. WOOLLEY, Appellant,
v.
Delores WOOLLEY, Appellee.
No. 93-708.
District Court of Appeal of Florida, Fifth District.
May 20, 1994.
Julie F. Weinberger, Kissimmee, for appellant.
Michael R. Walsh, Orlando, for appellee.
DIAMANTIS, Judge.
Douglas J. Woolley (the former husband) appeals the final order of the trial court which denied his motions for clarification and enforcement of the final judgment dissolving the parties' marriage.[1] We reverse because the trial court erred in failing to give effect to the provisions of the parties' property settlement agreement.
The trial court entered its final judgment of dissolution of marriage in December 1987. The final judgment approved, adopted, and incorporated by reference the parties' property settlement agreement dated November 17, 1987. Relative to the present appeal, the parties' property settlement agreement provided:
Husband shall pay as alimony, periodic monthly payments totaling not more than twenty five percent (25%) of Husband's net take home salary and retirement take *75 home salary. Said payments shall be tendered by Husband directly to Wife. In addition, Wife shall receive twenty five percent (25%) of all IRS refunds if any. At the time Wife remarries or becomes self supporting the monthly alimony payments shall terminate.
The agreement also divided the parties' marital assets and indicated that the parties had attempted to divide their jointly-owned property equally. The provisions concerning property division failed to mention the retirement benefits which are the subject of the current dispute. In signing the agreement, however, each party agreed to renounce
any and every claim of whatsoever character, which he or she now has or may hereafter claim to have arising out of or resulting from the marital relationship, upon or against the other party hereto, or upon or against the property of the other whether real, personal or mixed and wheresoever situated, now owned or hereafter acquired by the other party.
In February 1992, the former husband filed a motion for clarification of the parties' property settlement agreement. By his motion, the former husband sought an order clarifying that, by signing the property settlement agreement, the former wife, Delores Woolley, waived any right or statutory entitlement to any portion of the former husband's federal retirement benefits. The former husband later filed an amended motion for clarification and motion to enforce final judgment of dissolution of marriage. The amended motion asserted that, since the former husband's retirement in February 1992, the former wife had been receiving 50% of the former husband's net retirement benefits. The motion explained that the administrators of the retirement benefits were distributing 50% of the net benefits to the former wife because the parties' property settlement agreement failed to specifically dispose of the retirement benefits. The former husband requested an order clarifying that the former wife was entitled to receive only 25% of the former husband's retirement benefits in accordance with the alimony provision of the property settlement agreement.
At the hearing on the motions for clarification and enforcement, the trial court declined to hear testimony offered by the former husband concerning the parties' intent with regard to distribution of the retirement benefits. The trial court subsequently entered an order denying the former husband's motions, and the former husband appealed.
In dissolution proceedings, retirement benefits may be considered as a source of payment of permanent periodic alimony or as an asset subject to equitable distribution; trial courts are prohibited from considering the same retirement fund in calculating both property distribution and support obligations. Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla. 1986). Although parties to property settlement agreements may agree to terms which the trial court lacks the authority to order, Winset v. Fine, 565 So.2d 794, 795 (Fla. 3d DCA 1990), Diffenderfer supports the former husband's contention that the parties did not intend for the former husband's federal retirement benefits to constitute both a source of alimony and an asset subject to equitable distribution. This construction is supported by the fact that the property settlement agreement fails to mention the former husband's retirement benefits anywhere except in the alimony provision. Additionally, although the former wife did not specifically waive her right to the former husband's federal retirement benefits, she explicitly waived her right to claim any property arising out of or resulting from the parties' marital relationship. Neither party disputes that the former husband's retirement benefits constitute such property.
The record does not make clear whether the trial court denied the former husband's motions based on the trial court's construction of the property settlement agreement or based on the former wife's argument that the trial court lacked subject matter jurisdiction. We note, however, that the trial court had subject matter jurisdiction in this case because the former husband sought to enforce the agreement according to its terms, not to modify it. Seng v. Seng, 590 So.2d 1120, *76 1121 (Fla. 5th DCA 1991).[2]
Given the parties' decision to treat the former husband's retirement benefits as a source of alimony, and given the former wife's explicit waiver of any real or personal property arising out of or resulting from the marital relationship, the trial court erred in refusing to enforce the final judgment of dissolution which incorporated the parties' property settlement agreement. Accordingly, we reverse the trial court's order denying the former husband's motions and remand this cause for proceedings consistent with this opinion.
REVERSED and REMANDED.
SHARP and PETERSON, JJ., concur.
NOTES
[1] Although neither party questioned our jurisdiction to review this case, this court, sua sponte, raised the issue of the timeliness of the former husband's appeal. Upon further consideration, we conclude that the order appealed is a final order and that this appeal is timely. See Clearwater Federal Savings & Loan Ass'n v. Sampson, 336 So.2d 78 (Fla. 1976); Small v. Small, 313 So.2d 749 (Fla. 1975); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983).
[2] We likewise reject the former wife's argument that the doctrine of res judicata bars the former husband's motions for clarification and enforcement. In Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986), the case upon which the former wife relies, the final judgment of dissolution failed to address the parties' property rights. Here, the parties decided all property issues in the dissolution action when they mutually agreed to renounce any further claims to marital property. The former husband's motions seek to enforce this provision, not to litigate new property issues.