698 So.2d 1308 (1997)
Ruben VIERA, Sr., Appellant,
v.
Julie VIERA, Appellee.
No. 96-1597.
District Court of Appeal of Florida, Fifth District.
September 5, 1997.
Alicia L. Latimore, Orlando, for Appellant.
Robert J. Wheelock of Robert J. Wheelock, P.A., Orlando, for Appellee.
THOMPSON, Judge.
Ruben Viera, Sr., ("the former husband") appeals a final judgment of dissolution which dissolved his marriage to Julie Viera ("the former wife") and which distributed assets and liabilities. The former husband argues that the distribution of marital assets was inequitable because the property was not distributed pursuant to the parties' separation agreement. We cannot determine whether the distribution was equitable because the trial court did not make specific written findings identifying the parties' assets and liabilities as marital or nonmarital and failed to value marital assets. Further, the final judgment, which was prepared by the former wife's attorney, did not accurately set forth the oral pronouncements of the court. Therefore, we reverse the final judgment except the portions dissolving the marriage and reimbursing the former wife $2,400.[1]
The parties to this dissolution are a military family. The former husband enlisted in the Army on 28 March 1968, and retired on 1 October 1995. The parties were married on 5 October 1970, and separated in 1992. Contemplating a dissolution of marriage, the parties prepared a separation agreement which purported to settle and distribute their marital assets and liabilities. The agreement determined, among other things, the right to and the amount of alimony for the former wife.
In a contested dissolution action, Florida law requires the identification of marital and nonmarital assets and liabilities and the allocation of assets and liabilities to each party. See § 61.075(3), Fla. Stat. (1995). This requirement is not necessary where there is an agreement executed by the parties, as long as the agreement is followed. *1309 However, the final judgment must reflect that the property was distributed as agreed. See Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994) (requiring trial court to establish values for and distribute household furnishings even where parties agreed to distribution in signed settlement filed with the trial court because the appellate court could not determine if distribution was consistent with the agreement.) Where, as here, the appellate court cannot make that determination, the case must be reversed for written findings. Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996); Adams v. Adams, 677 So.2d 6 (Fla. 5th DCA 1996).
We also note that the final judgment does not comport with the settlement agreement or the pronouncements of the trial court. First, the final judgment required the former husband to pay the former wife $1,343 in monthly alimony, and awarded the former wife one-half of the former husband's retirement pay as equitable distribution of marital property. This is inconsistent with the terms of the separation agreement which provides:
In the event the Husband is retired from the Army at the time of such divorce, or in the event the Husband retires from the Army subsequent to such divorce, the payments to the Wife by reason of division of husband's Army retired pay, as set forth in paragraph 3., below, shall act as a credit towards the Husband's monthly obligation hereunder. (Emphasis added.)
It is clear the parties intended that the alimony would be paid in part by the former wife's 50% share of the former husband's retirement pay. The final judgment incorrectly grants the former wife one-half of the retirement pay in addition to permanent periodic alimony.
Generally, a trial court may treat retirement benefits either as a source of alimony or as marital property subject to equitable distribution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). Here, however, the court ratified the agreement which unambiguously expresses the parties' intent to treat the retirement pay as a source of alimony. In addition, in the agreement, the parties released "all claims and demands of every kind, name or nature against the other party hereto, including all liability ... on account of support, maintenance, spousal support, dower, courtesy [sic], or other allowances ... incident to the marriage relation;...." Therefore, the trial court was constrained to treat the former husband's retirement pay as a source of alimony. See Woolley v. Woolley, 637 So.2d 74 (Fla. 5th DCA 1994) (holding pursuant to property settlement agreement incorporated into final judgment of dissolution, wife entitled to receive only 25% of husband's retirement benefits rather than 50% because agreement treated retirement benefits as source of alimony and wife waived right to any property claim arising from marital relationship). Accordingly, on remand, the trial court must correct these provisions to comport with the agreement.
Second, the trial court ordered the former husband to pay $2,000 of the former wife's attorney's fees without hearing any evidence or making any findings regarding the reasonableness of the attorney's hourly rate or the number of hours expended. The former wife merely estimated that she incurred approximately $3,000 in legal fees. The court's failure to make the requisite findings is reversible error. Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997). In addition, because the former wife presented no evidence from which to make the requisite findings, the court may not hear such evidence on remand. Id.; Davis v. Davis, 613 So.2d 147 (Fla. 1st DCA 1993).
Third, the computed arrearage in temporary alimony is not supported by the evidence. The former husband was ordered to pay the former wife $1,343 per month beginning 1 November 1995, but paid her only $850 per month. Thus, from November 1995 to April 1996, when the trial took place, the former husband was in arrears $2,958. This amount is correctly stated in the final judgment. However, the final judgment reflects an additional arrearage of $960 representing the total amount the former husband deducted for the premium on a survivor benefit plan. The evidence does not support this finding. The insurance premium is $138.71 which, multiplied by six months, is $832.26, not $960. More important, the former husband's *1310 pleadings and testimony show that the $850 monthly payment reflected one-half his retirement pay, less the $138 insurance premium. Consequently, the $2,958 arrearage figure includes the former husband's deductions for the insurance premium. The final judgment should therefore be corrected to reflect only $2,958 in arrearages. We note that the trial court appeared to completely rely on the miscalculations of the former wife's attorney in determining the total arrearage.
Fourth, the value given to the former husband's IRA, $4,600, is similarly unsupported by the evidence. The only evidence in the record is the former husband's financial affidavit, which reflects a value of $3,800.
Finally, the judgment, which was prepared by the former wife's attorney at the court's direction, diverges from the court's oral findings and rulings. For example, the court orally valued the former husband's interest in the joint mutual fund at $6,423. Although the former wife's financial affidavit reflects a greater value, the former husband's financial affidavit supports the court's finding. At trial, the former wife's attorney adopted the $6,423 figure in making his requests for relief. Yet, the final judgment reflects a value of $7,100. Further, as with the alimony arrearage, the amount of income imputed to the former husband is suspect as it is based on calculations made at trial by the former wife's attorney. Therefore, on remand the trial court should review the record to be sure that the findings in the final judgment "truly reflect the judge's independent judgment...." White v. White, 686 So.2d 762, 763 (Fla. 5th DCA 1997).
REVERSED in part, and REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] The former husband spent $2,400 in marital funds to support an illegitimate child he fathered in 1991 while on active military duty in Panama.