PLEUS, J.
The Department of Children and Families appeals an “Order on Parents’ Motion for Sanctions,” which awarded attorney’s fees and required “Representatives of the Department, not the Attorneys or their staff’ to perform 1000 hours community service or pay a $1,000 fine to the Family Visitation Center in Ocala, Florida. We reverse.
Because the lower court was proceeding under its contempt power to punish the Department for violating a court order, it should have followed the procedure required by Rule 8.285(b), Florida Rules of Juvenile Procedure (2001). The court failed to issue an order to show cause as required by Florida Rule of Juvenile Procedure 8.285(b)(1). See Acevedo v. Dept, of Health and Rehabilitative Services, 668 So.2d 1124 (Fla. 3d DCA 1996).
Additionally, although we agree that the Department violated the court’s *1283 order to file and serve the predisposition report no later than five days before the hearing, the court sanctioned the wrong parties. It is clear from the record that the Department attorneys were responsible for filing and serving the report on time but failed to do so. However, the court’s order specifically exempts the Department attorneys from paying the fine or performing the community service.
Finally, we find that the lower court exceeded its inherent authority in ordering the fines to be made payable to the Family Visitation Center. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994).
REVERSED.
PETERSON and GRIFFIN, JJ., concur.