STRINGER, Judge.
In this postdissolution action, Joanne Miller (the Former Wife) appeals from the order on her “Amended Motion for Enforcement of Final Judgment” and the order denying rehearing of the same motion, contending that the trial court erred by modifying an award of lump-sum alimony when neither she nor William Miller (the Former Husband) had sought any modifications to the amended final judgment. We reverse the portion of the trial court’s order that modified the award of lump-sum alimony because the trial court had no jurisdiction to modify that award in the absence of a pleading seeking modification. In all other respects, we affirm.
The parties were divorced pursuant to an amended final judgment of dissolution that was rendered February 21, 2006. In the amended final judgment, the trial court determined that a residence owned by the parties in North Carolina was marital property, and it ordered the proceeds of the sale of that residence to be divided equally between the parties. After distributing the remaining assets and liabilities, the trial court determined that the Former Husband should pay the Former Wife $34,971.77 to equalize the distribution between the parties. Thus, under the amended final judgment of dissolution, the Former Wife was to receive half of the proceeds from the sale of the North Carolina residence and an additional payment of $34,971.77.
When the amended final judgment of dissolution was rendered, the proceeds of the sale of the North Carolina residence were being held in escrow by the Former Wife’s former attorney. Shortly after the amended final judgment of dissolution was rendered, the trial court ordered that $34,971.77 be disbursed to the Former Wife from the escrowed proceeds of the sale of the North Carolina residence. Although the trial court did not explicitly reference the equitable distribution equalizing payment in its order to disburse funds, the amount of this disbursement exactly equaled the equalizing payment ordered in the amended final judgment of dissolution. The trial court’s disbursement order did not make any reference to the provision of the amended final judgment of dissolution that awarded the Former Wife half of the proceeds of the sale of the North Carolina residence. Instead, the trial court ordered the remainder of the escrowed funds to be disbursed to the Former Husband.
On May 5, 2006, the Former Wife filed an amended motion to enforce the final judgment. In this motion, she noted that she had received the $34,971.77 payment that was intended to equalize the distribution to the parties. However, she asserted that she had not received her half of the proceeds from the sale of the North Carolina residence. She sought an order requiring the Former Husband, to whom the proceeds of the North Carolina residence had been disbursed, to pay her her half of those proceeds.
*423 At the hearing on the Former Wife’s motion, the trial court orally ruled in favor of the Former Wife and ordered the Former Husband to pay the Former Wife $39,931.88, which represented her half of the proceeds of the sale of the North Carolina residence. However, when the trial court issued its written order, it not only ordered payment of this amount to the Former Wife, but it also reduced the award of lump-sum bridge-the-gap alimony that had been awarded to the Former Wife in the amended final judgment of dissolution. In doing so, the trial court noted that it had originally based the award of bridge-the-gap alimony on a misreading of the equitable distribution matrix that resulted in its mistaken belief that the Former Wife was awarded only $34,971.77 in cash. Because the Former Wife was now receiving almost $40,000 more than what the court originally thought she was receiving, the court believed that equity required it to reduce the lump-sum alimony award accordingly.
The trial court’s written order was rendered October 31, 2006. On November 2, 2006, the Former Wife filed a motion for rehearing, arguing that the trial court did not have jurisdiction to reduce the lump-sum alimony award because no pleading seeking modification of that alimony had been filed. On December 18, 2006, the trial court denied the Former Wife’s motion for rehearing. The Former Wife then filed her notice of appeal on January 17, 2007.
When this court received the Former Wife’s notice of appeal, we sua sponte ordered the Former Wife to provide this court with authority showing why this appeal should not be dismissed as untimely. We questioned whether the Former Wife’s motion for rehearing was an authorized motion for rehearing that tolled the time for rendition of the order on the amended motion to enforce and thus also tolled the time for filing the notice of appeal. Having reviewed the Former Wife’s response and having conducted our own research, we have determined that this appeal is timely.
In Clearwater Federal Savings & Loan Ass’n v. Sampson, 336 So.2d 78 (Fla.1976), the supreme court addressed the issue of whether a postjudgment order could be a “final judgment” for purposes of filing a motion for rehearing under Florida Rule of Civil Procedure 1.530(a) that would be effective to stay rendition under Florida Rule of Appellate Procedure 9.020(h). In that case, the court explained,
An interlocutory order entered after judgment, post decretal, order, [sic] is not to be confused with one entered during the pendency of the proceedings before final judgment. Post decretal orders are not true interlocutory orders, and perhaps the term ‘interlocutory’ is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.
Id. at 79 (internal citation omitted). Thus, a motion for rehearing is authorized when directed to a postjudgment order that comprises a final ruling on some portion of the case that has arisen after entry of the final judgment. Id.; see also Remington v. Remington, 705 So.2d 920, 922 (Fla. 4th DCA1997).
Since Clearwater Federal, the courts have held that orders disposing of postdis- *424 solution modification petitions and orders disposing of postdissolution contempt motions are “final” for purposes of the filing of an authorized motion for rehearing. Roshkind v. Roshkind, 717 So.2d 544 (Fla. 4th DCA 1997); Remington, 705 So.2d at 922-23. In addition, the Fifth District has held that an order on a motion for clarification and to enforce a final judgment of dissolution was sufficiently final that a motion for rehearing was authorized. Wool-ley v. Woolley, 637 So.2d 74 (Fla. 5th DCA 1994).
In Woolley, the former husband filed a motion seeking an order clarifying that, by signing the parties’ property settlement agreement, the former wife had waived her statutory entitlement to any portion of his federal retirement benefits. Id. at 75. He also sought an order enforcing the final judgment on this issue as it was written. Id. After the trial court denied the motion, the former husband filed a motion for rehearing. Only after the motion for rehearing was denied did the former husband file his notice of appeal. The Fifth District cited Clearwater Federal and held that the former husband’s notice of appeal was timely. Id. at 74 n. 1.
In this case, as in Woolley, the Former Wife filed a motion to enforce the final judgment as written as it applied to the distribution of the proceeds of the sale of the North Carolina residence. When the trial court granted this motion, it also sua sponte modified the lump-sum alimony that had been awarded to the Former Wife in the amended final judgment of dissolution. Because the portion of the trial court’s order concerning the alimony award constituted a final ruling on an issue that arose after entry of the final judgment, that portion of the order was a final postjudgment order to which a motion for rehearing was properly directed. Therefore, because the motion for rehearing was authorized, it stayed rendition of the final order until disposition of the motion. The notice of appeal was timely filed within thirty days after the order disposing of the motion for rehearing. Accordingly, this appeal is timely.
Turning to the merits of this appeal, we must reverse the order to the extent that it modifies the alimony award. “It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.” Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003); see also Cortina v. Cortina, 98 So.2d 334, 336 (Fla.1957) (“There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue of modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on such issue.”); Ksaibati v. Ksaibati, 824 So.2d 219, 221 (Fla. 2d DCA 2002).
Here, the only motion pending before the trial court was the Former Wife’s motion to enforce the amended final judgment. Neither the Former Wife nor the Former Husband sought modification of any aspect of the amended final judgment in any pleading, and neither party had notice that the trial court would consider modifying any aspect of the amended final judgment. Moreover, there was no discussion at the hearing concerning the trial court’s decision to modify the lump-sum alimony award. Rather, the modification of the lump-sum bridge-the-gap alimony award was presented as a fait accompli in the trial court’s written order that was served on the parties after the hearing. Under these circumstances, the trial court denied the Former Wife due process on this issue and abused its discretion by modifying the alimony award.
*425 Accordingly, we reverse the order on appeal to the extent that it purports to modify the Former Husband’s obligation for bridge-the-gap alimony. As no other issues were raised by either party and the Former Husband did not cross-appeal, the remainder of the order is affirmed.
Affirmed in part; reversed in part.
NORTHCUTT and VILLANTI, JJ., concur.