NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.A.D.,                                )
                                       )
             Appellant,                )
                                       )
v.                                     )          Case No. 2D15-3220
                                       )
J.S.,                                  )
                                       )
             Appellee.                 )
                                       )

Opinion filed June 10, 2016.

Appeal from the Circuit Court for Lee
County; R. Thomas Corbin, Judge.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Appellant.

Joseph P. Hoffman of Law Office of Joseph
P. Hoffman, Fort Myers, for Appellee.


LUCAS, Judge.

        D.A.D., the mother of a minor child, appeals a final judgment and

amended final judgment entered on a modification petition filed by J.S., the child's

father.[1]  The circuit court's modification of the parties' paternity judgment from Texas was both extensive and unusual in many respects.[2]  We reverse on the ground that the circuit court improperly modified a domesticated paternity judgment in ways that were not pleaded in the modification petition.

We need not recount the lengthy, contentious, and procedurally convoluted history of these parents' disputes.  All agree that shortly after the parties' relocation to Florida from Texas, a Texas final judgment establishing paternity, timesharing, a timesharing exchange location in Florida, and an injunction against the father was properly domesticated.  See § 55.501-.503, Fla. Stat. (2015); Barr v. Barr, 724 So. 2d 1200, 1202 (Fla. 1st DCA 1998) ("Once a foreign judgment is domesticated in Florida, it is to be treated as though it was always a Florida decree . . . .").  Although there was some argument over whether the injunction provision in the Texas judgment was meant to be contingent on whether the mother's then-pending domestic violence petition in Florida would be granted,[3] that issue was never pleaded, nor was the injunction even mentioned, anywhere within the father's petition to modify the Texas

---

[1]For ease of reference, in this opinion we will refer to D.A.D. as "the mother" and J.S. as "the father."

[2]The "amended final judgment" rendered on rehearing reads more like a clarification of the court's prior final judgment on the father's modification petition; and both judgments include findings that appear to be an improper attempt at appellate review of the Texas court's judgment.  In fairness, though, it is apparent from the limited record we have that the circuit judge was endeavoring to bring some sense of order to the bevy of motions, domestication petitions, modification petitions, and domestic violence petitions the parties filed following their move to Florida.

[3]Her Florida petition was denied after a return hearing, as was the father's petition for an injunction against the mother.  The Texas injunction, however, was clear and unqualified.  It made no mention whatsoever of any ancillary proceedings, either in Texas or in Florida.

judgment. The only issue the modification petition framed for adjudication was the father's request to alter the place of exchange for the minor child to a Lee County police station closer to where the parties resided or to the child's school.[4] Nevertheless, the amended final judgment made several timesharing and visitation modifications and decreed that the Texas injunction was "void."

A petition to modify is a pleading that serves to delineate and describe the relief a petitioner requests from the family court. See Fla. Fam. L. R. P. 12.110; Fla. R. Civ. P. 1.110; Guntner v. Jennings, 980 So. 2d 1185, 1186 (Fla. 5th DCA 2008) ("A party initiates a proceeding to modify a final judgment in a family law matter through a supplemental petition."). As we explained in Brady v. Jones, 491 So. 2d 1272, 1273 (Fla. 2d DCA 1986):

> A court cannot modify any judgment unless the issue of modification is properly presented to it by appropriate proceedings and each party is given an opportunity to be heard on the issue. Cortina v. Cortina, 98 So. 2d 334 (Fla. 1957). A judgment entered upon a matter entirely outside of the issues made by the pleadings cannot stand, and where an issue is neither presented by the pleadings, nor litigated by the parties, a decree adjudicating such issue is, at least, voidable on appeal. Cortina; see Fla. R. Civ. P. 1.190(b).

"It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process." Miller v. Miller, 959 So. 2d 421, 424 (Fla. 2d DCA 2007) (quoting Neumann v. Neumann, 857 So. 2d 372, 373 (Fla. 1st DCA 2003)).

---

[4]We do not have the benefit of either a trial transcript or a transcript from the rehearing motion in our record; and neither party has argued that any issue outside of the pleadings was tried by consent. Cf. Fla. Fam. L. R. P. 12.190; Fla. R. Civ. P. 1.190(b).

From the record we have in the case before us, the only issue presented to the circuit court in the father's modification petition was the issue of modifying the exchange location for timesharing. Finding no error in the court's resolution of that properly pleaded issue, we affirm the court's judgment changing the exchange location. However, we must reverse the circuit court's judgment insofar as it modified the domesticated Texas judgment on issues that were not pleaded within the father's modification petition and were not otherwise stipulated to by the parties before the court. See Miller, 959 So. 2d at 424; Brady, 491 So. 2d at 1273.

Affirmed in part, reversed in part, and remanded.

VILLANTI, C.J., and SILBERMAN, J., Concur.