IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN E. CARTER, Former
Husband,

      Appellant,

v.

BARBARA L. CARTER, Former
Wife,

      Appellee.
_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1685

Opinion filed December 12, 2016.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Jason K. Hutchinson of Hutchinson Law, Jacksonville, for Appellant.

Heather B. Quick, Susanna S. Quesenberry, Julie A. Rountree, Anna Mikhaliants, Banda Nadeau, and Mercedes D. Blason-Aguilar of The Quick Law Group, Jacksonville, for Appellee.

PER CURIAM.

This appeal concerns an order of the trial court that denied both parties' requests to modify Appellant/Former Husband's monthly alimony obligation. The order also determined that Former Husband owed Appellee/Former Wife $6,064 in past-due alimony, and awarded Former Wife $7,500 in attorney's fees. We write

to address the trial court's calculation of the alimony arrearage and its award of attorney's fees to Former Wife, which we hold merits reversal. We affirm all other aspects of the trial court's order without comment.

The trial court's order determined the alimony arrearage owed by Former Husband to be $6,064; however, this figure is not supported by competent, substantial evidence, and the court's order contains no findings as to how it arrived at this amount. On appeal, both parties argue that the trial court's arrearage determination is erroneous, albeit for different reasons. Because the testimony is conflicting, we remand this issue for the trial court to make the appropriate findings and recalculate the alimony arrearage based on the evidence contained in the record.

Further, we reverse the trial court's award of attorney's fees to Former Wife because the court's order does not set forth the specific findings required in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), as to hourly rate, number of hours reasonably expended, and the appropriateness of any reduction or enhancement factors. Manuel v. Manuel, 498 So. 2d 1369, 1370 (Fla. 1st DCA 1986). The record contains no evidence supporting the trial court's award of attorney's fees, which generally precludes remand for entry of an appropriate order. Davis v. Davis, 613 So. 2d 147, 147 (Fla. 1st DCA 1993); Viera v. Viera, 698 So. 2d 1308, 1309 (Fla. 5th DCA 1997). But here, the record shows

2

that Former Wife presented no evidence during the hearing, because she requested that the trial court reserve the issue of fees, due to the fact that additional fees were being incurred contemporaneously, and it appears that the trial court acquiesced to Former Wife's request. For this reason, we remand for a hearing to allow Former Wife to present evidence establishing her claim to attorney's fees.

AFFIRMED in part; REVERSED in part; and REMANDED.

B.L. THOMAS, RAY, and OSTERHAUS, JJ., CONCUR.