DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MARIA FERNANDEZ, f/k/a MARIA KIVIMAKI,

Appellant,

v.

WILLIAM KIVIMAKI,

Appellee.

No. 2D2023-1129

_____

August 21, 2024

Appeal from the Circuit Court for Hillsborough County; G. Gregory Green, Judge.

Geoffrey R. Cox of Cox & Associates, Attorneys at Law, P.A., Wesley Chapel, for Appellant.

Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for Appellee.


ATKINSON, Judge.

Former Wife, Maria Fernandez, appeals the trial court's order adopting a general magistrate's recommendation in this postdissolution alimony dispute with the Former Husband, William Kivimaki. The order adopted the general magistrate's recommendation to grant Former Husband's supplemental petition for modification of his alimony

obligation, to partially deny Former Wife's motion for contempt and enforcement and otherwise continue the hearing on her motion, and to deny Former Wife's request for attorney's fees and costs. We affirm in part and dismiss in part for lack of jurisdiction.

The parties were divorced pursuant to an amended final judgment of dissolution in September 2005, which required Former Husband to pay permanent periodic alimony of $1,100 per month to Former Wife. In late 2014, the parties orally agreed through discussions with their daughter as a "go-between" to reduce Former Husband's alimony obligation to $600 per month. Former Wife's ledger showed that over the next several years Former Husband made many $600 payments and $1,200 payments, the latter of which the general magistrate construed as a "catch-up amount representing [two] payments." The ledger also indicated that he fell into arrears. Former Wife periodically made written calculations of Former Husband's arrearage based upon the reduced $600 monthly obligation.

In April 2021, Former Wife filed a motion for contempt and enforcement against Former Husband for failure to pay alimony, alleging he owed over $90,000 based upon his obligation in the final judgment to pay $1,100 per month. Former Wife requested an award of attorney's fees and costs in connection with her motion. Former Husband filed a supplemental petition, which, in relevant part, requested a modification of his alimony obligation to $600 per month pursuant to the oral agreement and an award of attorney's fees and costs. At the hearing, Former Husband agreed that he owed alimony but contested the amount alleged by Former Wife because, he argued, his payment obligation had been reduced by their agreement.

2

After receiving testimony and documentary evidence, the general magistrate found that the existence of the oral agreement to reduce Former Husband's alimony obligation had been established by their daughter's testimony, Former Husband's conduct in conformance with the agreement, and Former Wife's failure to object to the reduced payments. Although the general magistrate found it "troubling" that Former Husband failed to pay alimony in "numerous instances," he "decline[d] to make a formal finding of contempt." Instead, "for the purpose of enforcing the revised alimony arrearages" pursuant to the oral agreement, the general magistrate found it necessary to continue the hearing on Former Wife's motion and to reopen the evidence. The general magistrate also concluded that both parties' requests for attorney's fees and costs should be denied because "[n]either party has a demonstrated ability to pay any kind of contribution to the other for fees or costs." The trial court entered an order adopting the general magistrate's recommendations and subsequently denied Former Wife's motion to vacate the order.

Former Wife contends on appeal that the trial court erred in adopting the general magistrate's recommendations to grant Former Husband's supplemental petition to modify alimony based upon the existence of an oral agreement, to not hold Former Husband in contempt, and to deny her request for attorney's fees and costs. "This court reviews de novo the trial court's review of a magistrate's report and recommendations." *Allison v. Allison*, 363 So. 3d 1129, 1133 (Fla. 2d DCA 2023) (quoting *P.D.V-G. v. B.A.V-G.*, 320 So. 3d 885, 888 (Fla. 2d DCA 2021)). "[T]he trial court's review of the general magistrate's recommendations is limited to determining whether the general magistrate's findings of fact are supported by competent substantial

3

evidence, and whether the general magistrate either made clearly erroneous legal conclusions or misconceived the legal effect of the evidence." *Id.* at 1134 (alteration in original) (quoting *Herce v. Maines*, 317 So. 3d 1211, 1215 (Fla. 2d DCA 2021)).

However, Former Husband challenges Former Wife's asserted bases for appellate jurisdiction. Former Wife commenced this appeal as one from a nonfinal order under Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iii)a and 9.130(a)(3)(C)(ix). Former Husband contends that the portion of the trial court's order granting his supplemental petition is reviewable as a final order and that this court lacks jurisdiction entirely to review the portion of the trial court's order regarding Former Wife's motion for contempt and enforcement.

The portion of the trial court's order granting Former Husband's supplemental petition to modify alimony is reviewable as a final order because that ruling is postjudgment and dispositive of whether his alimony obligation should be modified and judicial labor has terminated as to that cause. *See Clearwater Fed. Sav. & Loan Ass'n v. Sampson*, 336 So. 2d 78, 79 (Fla. 1976) ("Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment . . . ."); *Miller v. Miller*, 959 So. 2d 421, 424 (Fla. 2d DCA 2007) ("Because the portion of the trial court's order concerning the alimony award constituted a final ruling on an issue that arose after entry of the final judgment, that portion of the order was a final postjudgment order . . . .").

Competent substantial evidence supported the magistrate's finding that the parties agreed to reduce Former Husband's alimony obligation.

4

While Former Wife's testimony on the question was equivocal, even it did not foreclose the existence of such an agreement. And evidence in the record establishing the agreement compels this court to reject Former Wife's contention that there was no meeting of the minds in favor of Former Husband's argument that the magistrate's determination must be upheld on appeal. In addition to the daughter's testimony that Former Wife had agreed to the reduction, Former Husband's payment of the reduced amount, and Former Wife's subsequent acquiescence by virtue of her acceptance of payments in the reduced amount, both hard-copy and digital documentation generated by Former Wife indicates that she was calculating the alimony obligation based on a $600-per-month rate. Because the existence of the agreement is supported by competent substantial evidence, we affirm the trial court's order to the extent it adopts the magistrate's finding that the parties entered into an agreement to reduce the amount of alimony.

On the other hand, the portion of the trial court's order concerning Former Wife's motion for contempt and enforcement is not reviewable as a final order because it did not complete judicial labor. *See Dempsey v. Dempsey*, 899 So. 2d 1272, 1273 (Fla. 2d DCA 2005) (concluding that an order was nonfinal for purposes of appeal because "[j]udicial labor has not yet come to an end"). The order contemplates additional judicial labor because it continued the hearing with respect to the enforcement of Former Husband's alimony arrearage and reopened the evidence for that purpose.

Former Wife's assertion that the portion of the trial court's order on her motion is an appealable nonfinal order under rule 9.130(a)(3)(C)(ix) lacks merit. *See* Fla. R. App. P. 9.130(a)(3)(C)(ix) (authorizing appeals from nonfinal orders that "determine . . . that, as a matter of law, a

5

settlement agreement is unenforceable, is set aside, or never existed"). First, Former Wife's argument relies on the unstated and unsupportable premise that the parties' oral agreement was a settlement agreement. But even presuming for the sake of analysis that it was a settlement agreement, the trial court did not determine as a matter of law that the agreement was unenforceable, never existed, or was set aside. *See Duchateau v. Duchateau*, 361 So. 3d 951, 952 (Fla. 5th DCA 2023) (dismissing appeal for lack of jurisdiction under rule 9.130(a)(3)(C)(ix) because "the trial court's order *did not expressly determine*, as a matter of law, that the May 28, 2021 settlement agreement was not enforceable, never existed, or was set aside" (emphasis added)). Rather, by relying upon the agreement to modify Former Husband's alimony obligation, the trial court manifestly determined that the agreement did exist and was enforceable.

Likewise, there is no merit to Former Wife's assertion that this court has jurisdiction under rule 9.130(a)(3)(C)(iii)a insofar as she challenges the trial court's decision not to hold Former Husband in contempt because it constitutes a determination of entitlement to immediate monetary relief. *See* Fla. R. App. P. 9.130(a)(3)(C)(iii)a (authorizing appeals from nonfinal orders that "determine . . . in family law matters . . . the right to immediate monetary relief"). While courts often award monetary relief as a remedy for a party's contemptuous conduct, the propriety of a contempt finding itself does not determine a party's right to immediate monetary relief; rather it is a separate and distinct issue that generally focuses on whether a party willfully disobeyed a court order despite having the ability to comply and does not itself determine a party's right to immediate monetary relief. *See, e.g., Wolf v. Wolf*, 296 So. 3d 479, 485 (Fla. 2d DCA 2020) (discussing the

6

requirements to hold a party in civil contempt). We therefore dismiss the portion of Former Wife's appeal that challenges the trial court's refusal to hold Former Husband in contempt.

Rule 9.130(a)(3)(C)(iii)a does, however, confer on this court jurisdiction to review the portion of the trial court's order that denied Former Wife's request for attorney's fees and costs. Whether an order addressing attorney's fees and costs in a family law matter determines "the right to immediate monetary relief" for purposes of jurisdiction under rule 9.130(a)(3)(C)(iii)a depends on the nature of the request. A decision regarding attorney's fees and costs based on the parties' financial resources under section 61.16, Florida Statutes (2021), constitutes a determination of "the right to immediate monetary relief" and therefore is immediately appealable under rule 9.130(a)(3)(C)(iii)a, whereas a decision regarding attorney's fees and costs as a sanction does not. *See Odeh v. Odeh*, 347 So. 3d 376, 378 (Fla. 5th DCA 2021) (recognizing that "the decision to award temporary attorney's fees in family law matters . . . would be appealable under rule 9.130(a)(3)(C)(iii)a" because such fees "ensure that both parties will have a similar ability to obtain competent legal counsel" but dismissing the appeal because an award of fees under section 57.105 would be a sanction that is not contemplated as "monetary relief" under the rule (quoting *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997))); *Seward v. Seward*, 676 So. 2d 49, 49 (Fla. 5th DCA 1996) (reviewing decision awarding temporary attorney's fees and costs in a family law matter under rule 9.130(a)(3)(C)(iii)a).

Here, Former Wife's motion for contempt and enforcement did not specify whether the legal basis of her request for attorney's fees and costs was based on the financial resources of the parties under section 61.16

7

or generally applicable law authorizing such an award as a sanction for contemptuous conduct. *Compare* § 61.16(1) ("The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals."), *with Dep't of Child. & Fam. Servs. v. J.B.*, 898 So. 2d 980, 981 (Fla. 5th DCA 2005) ("A court may award attorney's fees as a sanction for civil contempt as long as proper procedure is followed."). But the general magistrate treated Former Wife's request as one under section 61.16— not as a sanction—given that he denied the request based on Former Husband's inability to pay. Therefore, because the order on appeal did not deny a sanction but rather denied a request for attorney's fees and costs based on the parties' financial resources under section 61.16, the portion of the trial court's order denying Former Wife's request for attorney's fees and costs determined her "right to immediate monetary relief" in a family law matter. *See Odeh*, 347 So. 3d at 378. Accordingly, this court has jurisdiction under rule 9.130(a)(3)(C)(iii)a to review that limited portion of the order.

An award of attorney's fees and costs in domestic support cases is a discretionary matter based on the financial resources of the parties. *See* § 61.16(1) ("The court *may* from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals." (emphasis added)); *Rosen*, 696 So. 2d at 700 (providing that section 61.16 "constitutes a broad grant of discretion"). Here, the general magistrate

8

found that Former Husband did not have the financial ability to pay attorney's fees and costs to Former Wife, which is supported by competent substantial evidence. Former Husband's financial affidavit was admitted into evidence and reflected that he had a monthly deficit and negative net worth. As such, we cannot conclude that the general magistrate abused his discretion by denying Former Wife's request for attorney's fees and costs based on the evidence presented or that the trial court erred in adopting the magistrate's recommendation.

For the reasons explained above, we affirm the portion of the trial court's order adopting the general magistrate's recommendation to grant Former Husband's supplemental petition for modification of alimony. We also affirm the portion of the trial court's order denying Former Wife's request for attorney's fees and costs. We dismiss the portion of Former Wife's appeal challenging the trial court's refusal to hold Former Husband in contempt for lack of jurisdiction.

Affirmed in part; dismissed in part for lack of jurisdiction.

SLEET, C.J., and LABRIT, J., Concur.

_____

Opinion subject to revision prior to official publication.