GRIFFIN, J.
This is an appeal of an order granting the former husband’s motion for clarifica *591 tion of visitation rights and awarding attorney’s fees.
Mark E. Hartzell [“husband”] and his former wife, Gina Vincenza Van Epps [“wife”], were divorced pursuant to a final judgment of dissolution entered on July 11, 2005. The parties had one child, who was born on November 6, 2001. The judgment incorporated a marital settlement agreement which made the wife the primary residential parent of the parties’ son. The agreement provided that “Father will have the child 1/2 of the time to be arranged around his travel and/or work schedule, providing reasonable notice and flexibility.”
On December 7, 2005, the husband filed a motion for clarification of visitation rights and for attorney’s fees. The motion explained that originally the parties had each kept the child for two weeks at a time to accommodate the husband’s work schedule, which required him to teach out of state for two weeks at a time. The husband complained that in November 2005, the former wife refused to let him have the child and then offered him only a rotating week-to-week schedule. He asked for entry of a visitation schedule more in line with his work schedule, and attorneys’ fees.
The lower court granted the husband’s motion at a hearing held on December 15, 2005, and entered an order detailing a 50/50 rotating visitation plan that was designed around the father’s work schedule. The order required the wife to pay the husband’s $50 filing fee and to reimburse him $250 for attorney’s fees, but did not explain the basis of the award. A transcript of this hearing was not included in the record on appeal.
On December 20, 2005, after the parties had filed a number of additional motions and/or counter-petitions,[1] the wife filed a motion for reconsideration of the order clarifying the final judgment, attaching twelve exhibits to support her motion. In the motion, the wife acknowledged:
Former Wife appeared Pro Se with only 3 days notice, provided testimony and answer with counter motion, but agreed, with the rotating timeshare plan (Exhibit A) signed by Judge Doyle.
(emphasis added). She nonetheless argued that: (1) the court’s ruling, which referred to “make-up” visitation, wrongfully implied that she had denied the husband some of his visitation; (2) the court had failed to acknowledge she had been previously designated the primary residential parent; and (3) the court had wrongfully ignored the husband’s high-profile murder case, which he had won by an insanity plea.[2] She asked the court to correct the record, acknowledge that she is the primary residential parent, and vacate that portion of the order requiring her to pay husband’s attorneys’ fees.
*592 On December 20, 2005, the lower court entered an order designed to supplement its earlier order, which clarified the issue of custody in the month of December 2005. The order appears designed to address her complaint that she had not wrongfully denied the husband visitation in December 2005, by granting her an additional week of visitation at the end of December 2005, since she had complained she had actually been shorted on visitation during the month. The lower court entered a separate order denying her motion for reconsideration[3] and another order referring the case to the magistrate to resolve issue of modification of child support. The former wife, acting pro se, has timely appealed the order clarifying the final judgment, as well as the orders entered on December 20, 2005.
The former wife’s brief simply refers to the following claims of error: (1) the denial of her motion for a change of venue; (2) refusal to “hear evidence, background and facts” at the hearing of December 15, 2005; (3) refusal to recognize that she is the primary residential parent; (4) failure to recognize the husband’s psychotic and abusive history; (5) allowing husband to evade the provisions of the original judgment requiring him to submit to a psychological examination; and (6) permitting husband to engage in shared parenting, when it was contingent on the outcome of the psychological examination. She asks this court to: (1) reverse the fee award; (2) overturn the rotating custody order until such time as the former husband submits to a psychological evaluation; and (3) reverse the denial of her motion for change of venue.
The former husband argues that wife is unable to demonstrate an abuse of discretion in clarifying the final judgment and assessing attorney’s fees, as she failed to provide this court with a transcript of the hearing conducted on December 15, 2005.[4] He makes essentially the same argument with respect to the order of December 20, 2005. The lack of a transcript does prevent this court from reviewing the sufficiency of the evidence to support any of the lower court’s findings.[5] See, e.g., Fortune v. Pantin, 851 So.2d 274 (Fla. 5th DCA 2003). There, however, is an error appearing on the face of the judgment which requires review of the fee award even in the absence of a transcript. See generally Monacelli v. Gonzalez, 883 So.2d 361 (Fla. 4th DCA 2004). Fee awards in enforcement proceedings are governed by section 61.16, Florida Statutes. In this case, there is nothing in the final judgment that would permit a fee award because the trial court failed to make any findings, which precludes meaningful appellate review. We therefore reverse the fee award and remand for the requisite findings. See, e.g., Cullen v. Cullen, 884 So.2d 304 (Fla. 2d DCA 2004).
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER and LAWSON, JJ., concur.

. The same day that the order of clarification was entered, the wife both answered the motion and counter-petitioned in the same pleading to modify or set aside the final judgment. The counter-motion raised a number of issues aside from visitation. For example, the motion addressed the marital property settlement (alleged to have been obtained by fraud), husband’s failure to obtain a psychological evaluation as required by the final judgment, wife's need for new alimony; and her need for legal counsel. Then, on December 19, 2005, four days after the hearing, the husband filed his own counter-petition for modification, seeking to eliminate the rotating custody arrangement and to be named the primary residential parent. The next day, on December 20, 2005, the wife responded with an emergency motion for change of venue to Volusia County, where she was now living, so she could obtain help from legal aid.

. According to an article from the St. Peters-burg Times provided by the former wife, the murder occurred in 1990 in Tampa.

. In this order, the court also denied wife's motion for a change of venue.

. He also asserts that the proceedings were not reported. Wife was given the opportunity to supplement the record with a transcript of the hearing, but failed to submit one.

.This court is among those courts that find that the lower court has continuing jurisdiction to clarify a final judgment. See generally Roque v. Paskow, 812 So.2d 500 (Fla. 4th DCA 2002); Encarnacion v. Encarnacion, 877 So.2d 960, 963 (Fla. 5th DCA 2004) (“A court may clarify what is implicit in a final judgment, and enforce the judgment.”); Woolley v. Woolley, 637 So.2d 74 (Fla. 5th DCA 1994).