PER CURIAM.
Leland V. Dawson, Jr. appeals the trial court’s judgment dissolving his marriage to Toni G. Dawson. We affirm.
In a dissolution proceeding, the trial court possesses broad discretion to do equity between the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980); Doyle v. Doyle, 789 So.2d 499, 501 (Fla. 5th DCA 2001). The standard of review is whether the trial court abused its discretion. Canakaris, 382 So.2d at 1202-03. In reviewing a dissolution judgment, this Court looks at the judgment as a whole in determining whether the trial court abused its discretion. Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991). “It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the evidence. Rather, the test is whether the judgment of the trial court is supported by competent evidence.” Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984) (citing Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983)). Given the broad discre *1027 tion afforded the trial court in making child custody decisions and distributing marital property, we find no error.
AFFIRMED.
ORFINGER, LAWSON and EVANDER, JJ., concur.