COHEN, J.
 

 Christina Hamilton appeals a final judgment of paternity. The record is sparse; no transcript was provided. In her “brief,” Ms. Hamilton appears to complain about the trial court’s decision to allow the natural father visitation with the parties’ child, although it is possible Ms. Hamilton also disputes the determination of paternity. The record reflects a DNA test, which Ms. Hamilton refers to as a “Walgreens [sic] bought paternity test.” There is no answer to the original petition and, other than the previously quoted comment, no clear indication in her brief that paternity is still in dispute. Ms. Hamilton certainly disputes the decision of the trial court allowing the natural father visitation. However, issues relating to shared parenting and visitation are naturally fact-intensive and, without the benefit of a transcript, are not subject to appellate review absent some defect on the face of the final judgment.
 
 Van Epps v. Hartzell,
 
 934 So.2d 590, 592 (Fla. 5th DCA 2006).
 

 AFFIRMED.
 

 ORFINGER, C.J., and MONACO, J., concur.