IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THERESA PALMER,

      Appellant,

v.                                 Case No.  5D15-2308

TIMOTHY PALMER,

      Appellee.

_____/

Opinion filed March 24, 2016

Appeal from the Circuit
Court for Marion County,
Ann Melinda Craggs, Judge.

Robert H. McLean, of Ayres, Cluster,
Curry, McCall, Collins & Banks, P.A., The
Villages, for Appellant.

Bureus Wayne Argo, of Wayne Argo, P.A.,
Ocala, for Appellee.

PER CURIAM.

Theresa Palmer ("Former Wife") appeals from the final judgment dissolving her marriage to Timothy Palmer ("Former Husband"). She raises three issues on appeal: the trial court's decision to allow Former Husband to reopen the evidence after the trial had concluded; the court's time-sharing allocation; and its denial of restrictions on exposure of the parties' child to dogs. We affirm as to the first two issues but reverse as to the third.

Former Wife initiated this dissolution action after a seven-year marriage that produced two children. The parties do not dispute that, during the course of the marriage and while the parties were separated, Former Wife was the children's primary caregiver. Almost immediately upon their separation, the parties began to disagree about child care issues. Former Husband accused Former Wife of obstructing his time with the children, while Former Wife accused Former Husband of exposing their youngest child, who suffers from canine allergies, to harmful dog allergens. The parties made one unsuccessful attempt to resolve the dispute, agreeing that Former Husband would refrain from exposing the child to dogs during his time with the children, and Former Wife would concede to specific time-sharing terms.

The trial court eventually issued several orders requiring Former Husband to protect the child from canine exposure during Former Husband's time with the children as Former Husband had agreed. Former Husband failed to abide by the terms of that agreement, which resulted in a number of health issues for the child. He also admitted to lying about his failure. After Former Wife documented Former Husband's noncompliance and deceit, she unilaterally denied Former Husband contact with the children. All of these facts were presented to the trial judge.

While awaiting a ruling on these issues following a hearing, Former Husband filed a motion to reopen the evidence, claiming that Former Wife broke into his car and removed medications used to treat the child's allergies. The trial court granted his motion and reopened the evidence over Former Wife's objection. Subsequently, the trial judge entered an order that provided for virtually equal time-sharing. It provided that

Former Husband would decide disputed issues of medical care, but it did not restrict the child's exposure to dogs.

Both parties in this case demonstrated poor judgment and a lack of common sense. Former Husband put his child's health at risk by exposing the child to his girlfriend's dogs. Former Wife unilaterally withheld time-sharing, and it appears that the trial judge believed she broke into Former Husband's car and took the child's medications.

Trial judges in dissolution of marriage cases are vested with a great deal of discretion. Dawson v. Dawson, 948 So. 2d 1026, 1026 (Fla. 5th DCA 2007) (citing Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla. 1980)). We find no abuse of discretion in allowing the reopening of the evidence, nor in the revised time-sharing allocation. The only issue that we find to be an abuse of the trial court's discretion was the decision not to restrict the allergic child's exposure to dogs. While dogs were one cause among several for the child's allergies, every physician involved opined that the child should avoid canine exposure as much as possible. Despite the many benefits we acknowledge pets may offer, even Former Husband does not suggest that having the child around dogs at this point in his life is in the child's best interest. Accordingly, we remand for entry of an order appropriately limiting the youngest child's exposure to dogs.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

PALMER, COHEN and BERGER, JJ., concur.