IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


MARCUS BROWN,

       Appellant,

 v.

                                 Case No. 5D21-385
                                 LT Case No. 2015-DR-1842

MARY NORWOOD,

       Appellee.

_____/

Opinion filed August 5, 2022

Appeal from the Circuit Court
for Orange County,
Tanya Davis Wilson, Judge.

Eric Lee Bensen, of Greater
Orlando Family Law, Winter
Park, for Appellant.

Andrew B. Greenlee, of Andrew
B. Greenlee, PA, Sanford, for
Appellee.


HARRIS, J.

Appellant, Marcus Brown ("Former Husband"), appeals the trial court's second amended final judgment of dissolution of marriage ("Second Amended Judgment"), arguing in part that the court erred by incorrectly calculating his net income and retroactive child support obligation, and by awarding ongoing child support. We agree with Former Husband that the final judgment contains mathematical errors with respect to his income and that it was error to award ongoing child support. Therefore, we reverse on these issues. Any other errors are unpreserved and do not appear on the face of the judgment. Accordingly, we affirm on all other grounds.

The parties married in 2001 and share one child who reached the age of majority before entry of the Second Amended Judgment. On September 4, 2018, following a trial, the trial court entered its original final judgment in this matter, finding in part that the taxable income reflected on Former Husband's tax returns did not reflect his actual income. Based on this finding, the court imputed the full amount of his business income, $13,564.07 per month, to determine his gross monthly income for purposes of alimony and child support. The court further awarded Appellee, Mary Norwood ("Former Wife"), durational alimony in the amount of $1,000 per month as well as ongoing child support, and evenly divided the marital property.

2

On appeal, we affirmed the trial court's findings, including the finding that the cost of goods sold should not be considered necessary business expenses. See Brown v. Norwood, 291 So. 3d 1005 (Fla. 5th DCA 2020). However, we reversed the award of alimony and child support, finding that the trial court failed to consider ordinary and necessary business expenses in determining Former Husband's gross monthly income. We remanded the case for the trial court to recalculate Former Husband's income, including deductions for ordinary and necessary business expenses.

On remand, the trial court entered an amended final judgment recalculating Former Husband's income, which resulted in a decrease in his income from an average of $13,546.07 per month to $7,068.25 per month. Both parties moved for rehearing and, following a hearing on the matter, the court entered its Second Amended Judgment on November 30, 2020. It found that Former Husband's average monthly net income for 2014–2016 was $5,948.64 and his average gross monthly income was $13,544. It again awarded Former Wife durational alimony in the amount of $1,000 per month and ordered Former Husband to pay ongoing child support in the amount of $822.23 per month plus a monthly payment of $200 toward the accrued child support arrearage. The Former Husband argues in the instant appeal that the trial court has again failed to correctly calculate his income. We agree.

3

A trial court has broad discretion to do equity between the parties and this Court reviews whether the dissolution judgment is supported by competent evidence. Dawson v. Dawson, 948 So. 2d 1026 (Fla. 5th DCA 2007). Mathematical errors are reviewed de novo. Henry v. Henry, 191 So. 3d 995, 997 (Fla. 4th DCA 2016). Here, while Former Husband argues that the trial court again failed to deduct the business expenses as listed in his financial affidavits and that the trial court's findings as to his personal income are not supported by the evidence, he has failed to provide this Court with transcripts of either the original trial or the hearing conducted before the entry of the Second Amended Judgment. The court made findings regarding business expenses pursuant to this Court's mandate and indicated that it included those business expenses that it found credible. Without a transcript of the hearing, this Court cannot review the sufficiency of the evidence regarding Former Husband's claims as to the trial court's decision to give only partial credit to his claimed business expenses. See Van Epps v. Hartzell, 934 So. 2d 590, 592 (Fla. 5th DCA 2006).

However, there appear to be several mathematical errors on the face of the judgment. First, for the 2014 income calculation, it appears the court used the 2015 tax return business expenses, i.e., repairs and maintenance plus other expenses, rather than the figures listed in the 2014 tax returns.

These figures should have been $35,050 plus $15,340, for a total of $50,390. Thus, the taxable income total would have been $146,119 ($196,509 - $50,390), rather than $149,939, as the court found.

The calculations for 2016 also contain mathematical errors. First, the court again used the figures from the 2015 tax return for the repairs/maintenance and other expenses ($28,785 and $17,785) rather than the figures for these items contained in the 2016 tax returns ($23,708 and $17,192). Next, the court made a subtraction error in subtracting $16,838 from $83,367, which should have been $66,529 rather than $80,610 as the court calculated. Lastly, for all three years, it appears that the court deducted social security, Medicare, union dues, and child support payments from the net taxable income after applying the tax rate rather than deducting the amounts from gross income to determine taxable income. This was error. See § 61.30(3), (4), Fla. Stat. (2020) (providing that net income is obtained by subtracting allowable deductions from gross income, including child support, federal insurance contributions, and mandatory union dues).

Former Husband also argues that there was no basis for an award of retroactive child support because the court utilized an erroneous income amount in calculating the retroactive support owed. We agree with Former Husband that income calculations from 2014 to 2016 are erroneous, and

5

therefore, any retroactive child support owed should be modified according to the correct calculations. See § 61.30(17)(a), Fla. Stat. (2020) (providing that court shall consider obligor's demonstrations of his actual income during retroactive period in determining amount of retroactive child support award). Accordingly, based on the court's miscalculations, we reverse and remand for the court to correct those mistakes that appear on the face of the judgment and make the proper adjustments to retroactive child support. See Larocka v. Larocka, 43 So. 3d 911, 913 (Fla. 5th DCA 2010) ("[D]espite the lack of a transcript and an adequate record, when the error appears on the face of the judgment, it should be corrected.").

Finally, Former Husband argues that the parties' child had reached the age of majority at the time the court entered the Second Amended Judgment, and therefore, the court erred in ordering ongoing child support. Former Wife properly concedes that this was error, and we reverse on this issue. See Carlton v. Carlton, 816 So. 2d 254, 256 (Fla. 2d DCA 2002) (recognizing that absent finding of physical or mental deficiencies, there is no legal duty to pay child support beyond age of eighteen).

We find no merit to the remaining issues raised on appeal by Former Husband and affirm as to each. We reverse and remand with instructions for the trial court to recalculate Former Husband's income for the period

6

between 2014 and 2016, adjust the child support arrearage accordingly, and to strike Former Husband's obligation to pay ongoing child support for his now adult child.

REVERSED and REMANDED, with instructions.

EDWARDS and WOZNIAK, JJ., concur.